Francisco, Juan y Servando Berio y Quintero, recurrentes, *v.* El Registrador de Ponce, recurrido.

No. 630.—*Sometido:* Marzo 2, 1926. *Resuelto:* Abril 30, 1926.

1. Arrendador y Arrendatario—Arrendamientos y Convenios en General—Requisitos y Validez—Registro e Inscripción del Contrato—Extinción del Derecho Inscrito—Cancelación—Preceptos Estatutorios. — El párrafo 2, artículo 82 de la Ley Hipotecaria, como fué adicionado por el artículo 136 del Reglamento, no es incompatible con el disponiéndose que se ha adicionado al artículo 79 de la mencionada ley; ambos artículos, 82 y 79, deben interpretarse conjuntamente.

2. Arrendador y Arrendatario—Arrendamientos y Convenios en General—Requisitos y Validez—Registro e Inscripción del Contrato—Extinción del Derecho Inscrito—Cancelación—Título Suficiente para Cancelar.

—Es bastante para cancelar una inscripción de arrendamiento obrante en el Registro, la escritura en que se constituyó tal arrendamiento y de la cual resulte que el derecho cuya cancelación se solicita está extinguido.

Nota de *Planellas*, R. (Ponce), denegando cancelación de inscripción de arrendamiento. *Revocada.*

*F. Zapater,* abogado de los recurrentes; el registrador compareció por escrito.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

En febrero de 1895 un contrato de arrendamiento por un término que venció en diciembre 31, 1898, se incorporó a uno de compraventa, e incidentalmente fué inscrito junto con él como parte de dicho documento y en la misma inscripción al presentarse dicha escritura en el registro de la propiedad.

En diciembre 30, 1925, los actuales dueños de las fincas presentaron el mismo documento al registrador y solicitaron por escrito la cancelación de la inscripción antes referida en lo que concernía a la inscripción del arrendamiento.

La nota del registrador es como sigue:

"Denegada la cancelación del arrendamiento constituído en este documento, que fué presentado con un escrito de Luciano Colón como mandatario verbal de los actuales dueños de las fincas, por el motivo de no haberse solicitado la cancelación en escritura pública otorgada de conformidad con los disponiéndose del artículo 79 de la Ley Hipotecaria, enmendado según la ley de 7 de Julio de 1923, titulada ley No. 20 para enmendar los artículos 6, 19, 79 y 392 de la Ley Hipotecaria de Puerto Rico. (Tomo de Leyes de 1923 pág. 213.)

"La Asamblea Legislativa, en la misma legislatura de 1923, sesión extraordinaria del 13 al 23 de agosto, fué más liberal al prescribir la instancia escrita de parte, o de su representante, autenticada ante notario, al efecto de cancelar en el Registro de la Propiedad, los asientos de hipotecas caducadas, embargos, demandas, menciones de censos, de precio aplazado, etc. (Ley No. 12), regulando el procedimiento para la cancelación de gravámenes y menciones de derechos y la extinción de ciertas inscripciones y anotaciones, por lapso de tiempo, en el Registro de la Propiedad. (Tomo de Leyes de Puerto Rico, *Special Session* 1923, página 37.)

"Las cancelaciones de derechos inscritos, pero extinguidos por declaración de la ley, estuvieron y están exentas del requisito de la 'providencia ejecutoria' o de la escritura de cancelación. (Párrafo segundo del artículo 82 de la Ley Hipotecaria de 1893. Artículo 136 del Reglamento de 1893. Párrafo segundo del artículo 82 de la Ley Hipotecaria según quedó enmendado por la ley No. 22 aprobada el 7 de julio de 1923, la misma fecha de la ley enmendatoria del artículo 79 antes dicho.)

"No obstante, el Registrador que suscribe, tratándose de la cancelación de un arrendamiento extinguido, se considera obligado a cumplir los Disponiéndose del antedicho artículo 79 mientras no queden sin efecto, si es que deben quedar sin efecto, por interpretación judicial, a falta de derogación expresa, en lo referente a la solicitud al Registrador consignada en escritura pública."

[1, 2] Los artículos 79 y 82 de la Ley Hipotecaria y el 136 de su reglamento, anteriores a la enmienda de los dos primeros artículos, prescribían lo siguiente:

"Art. 79.—Podrá pedirse, y deberá ordenarse en su caso, la cancelación total:

"1. Cuando se extinga por completo el inmueble objeto de la inscripción.

"2. Cuando se extinga también por completo el derecho inscrito.

"3. Cuando se declare la nulidad del título en cuya virtud se haya hecho la inscripción.

"4. Cuando se declare la nulidad de la inscripción por falta de alguno de sus requisitos esenciales, conforme a lo dispuesto en el artículo 30."

"Art. 82.—Las inscripciones o anotaciones preventivas, hechas en virtud de escritura pública, no se cancelarán sino por providencia ejecutoria contra la cual no se halle pendiente recurso de casación, o por otra escritura o documento auténtico, en el cual exprese su consentimiento para la cancelación la persona a cuyo favor se hubiese hecho la inscripción o anotación, o sus causa-habientes o representantes legítimos.

"No obstante lo dispuesto en el párrafo anterior, las inscripciones o anotaciones a que el mismo se refiere, podrán cancelarse sin los requisitos expresados, cuando quede extinguido el derecho inscrito por declaración de la ley, o resulte así de la misma escritura inscrita.

"Las inscripciones o anotaciones hechas en virtud de manda-

mientos judiciales no se cancelarán sino por providencia ejecutoria que tenga las circunstancias prevenidas en el párrafo primero de este artículo.

"Las inscripciones hechas para responder de cantidades representadas por títulos transmisibles por endoso, se cancelarán presentándose la escritura otorgada por los que hayan cobrado los créditos, en la cual debe constar haberse inutilizado en el acto de su otorgamiento los títulos endosables, o solicitud firmada por dichos interesados y por el deudor, a la cual se acompañen, taladrados, los referidos títulos. Si algunos de ellos se hubiesen extraviado, se presentará, con la escritura o con la solicitud, testimonio de la declaración judicial de no tener efecto. El Registrador deberá asegurarse de la identidad de las firmas y de las personas que hubiesen hecho la solicitud.

"Las inscripciones hechas para responder de cantidades representadas por títulos al portador no podrán cancelarse, cuando no pueda acreditarse en el Registro la extinción de todas las obligaciones aseguradas, sino presentándose testimonio de la declaración judicial de quedar extinguidas dichas obligaciones.

"En el caso del párrafo anterior, para decretarse la declaración judicial deberán preceder cuatro llamamientos por edictos públicos y en los periódicos oficiales, y tiempo cada uno de ellos de seis meses, a los que tuvieren derecho a oponerse a la cancelación."

"Art. 136.—La misma escritura en cuya virtud se haya hecho la inscripción de una obligación, será título suficiente para cancelarla, si resultare de ella o de otro documento fehaciente que dicha obligación ha caducado o se ha extinguido.

"Sólo será necesaria nueva escritura para la cancelación, con arreglo al párrafo primero del artículo 82 de la ley, cuando extinguida la obligación por voluntad de los interesados, deba acreditarse esta circunstancia para cancelar la inscripción."

Los artículos 79 y 82, como fueron enmendados, son como sigue:

"Art. 79.—Podrá pedirse y deberá ordenarse en su caso, la cancelación total:

"1. Cuando se extinga por completo el inmueble objeto de la inscripción;

"2. Cuando se extinga también por completo el derecho inscrito;

"3. Cuando se declare la nulidad del título en cuya virtud se haya hecho la inscripción;

"4. Cuando se declare la nulidad de la inscripción por falta de álguno de sus requisitos esenciales, conforme a lo dispuesto en el artículo 30; *Disponiéndose,* que en cuanto a los contratos de arrendamiento o subarrendamiento, tres meses después de vencido el término de los mismos, si no constasen en el registro prorrogados, o tres meses después de vencida la prórroga inscrita, quedará extinguido el derecho inscrito y se procederá por el registrador a su cancelación, a solicitud del arrendador, arrendatario o subarrendatario o propietario del inmueble que aparezca con su derecho inscrito en el registro, consignada en escritura pública; *Y disponiéndose, además,* que todos los contratos de arrendamiento o subarrendamientos cuyas inscripciones estén aún vigentes al aprobarse esta Ley, y haya vencido su término, y transcurridos los tres meses que por la presente se dispone, después del vencimiento, se considerarán igualmente extinguidas sus inscripciones y se cancelarán por el registrador a solicitud del arrendatario, arrendador o dueño del inmueble que aparezca con su derecho inscrito en el Registro, consignada en escritura pública.''

"Art. 82.—Las inscripciones o anotaciones preventivas, hechas en virtud de escritura pública, no se cancelarán sino por providencia ejecutoria contra la cual no se halle pendiente recurso de apelación, o por otra escritura o documento auténtico en el cual exprese su consentimiento para la cancelación la persona a cuyo favor se hubiese hecho la inscripción o anotación o sus causahabientes o representantes legítimos.

"No obstante lo dispuesto en el párrafo anterior, las inscripciones o anotaciones a que el mismo se refiere, podrán cancelarse sin los requisitos expresados, cuando quede extinguido el derecho inscrito por declaración de la ley, o resulte así de la misma escritura inscrita.

"Las inscripciones o anotaciones hechas en virtud de mandamientos judiciales no se cancelarán sino por providencia ejecutoria que tenga las circunstancias prevenidas en el párrafo primero de este artículo.

"Las inscripciones hechas para responder de cantidades representadas por títulos al portador o trasmisibles por endoso, se cancelarán presentándose la escritura otorgada por los que hayan cobrado los créditos, en la cual debe constar haberse inutilizado en el acto de su otorgamiento, los títulos endosables o al portador. Si todos o algunos de dichos títulos se hubiesen extraviado, sólo podrán cancelarse dichas inscripciones por medio de mandamiento judicial

creditivo de haber recaído sentencia firme, obtenida por el procedimiento ordinario del Código de Enjuiciameinto Civil, en que se declare haber quedado extinguidas dichas obligaciones.''

El espíritu de la reciente legislación, incluyendo la "Ley regulando el procedimiento para la cancelación de gravámenes y menciones de derechos y la extinción de ciertas inscripciones y anotaciones, por lapso de tiempo, en el registro de la propiedad,'' Leyes de 1923, Sesión Especial, p. 36, es facilitar y no obstruir la claridad de los títulos en el registro mediante cancelación de asientos que nunca debió permitirse que suplantara a los derechos transitorios que se intentó proteger.   Los artículos 79 y 82, como fueron enmendados, deben ser interpretados conjuntamente a la luz del claro propósito legislativo manifestado por el tenor general y tendencia de los varios preceptos legislativos en cuestión.   El párrafo segundo del artículo 82, como fué adicionado por el artículo 136 del reglamento, está profundamente cimentado en años de interpretación uniforme y de aplicación diaria en la práctica y fué deliberadamente restablecido al redactarse nuevamente ese artículo.   No es necesariamente incompatible con el disponiéndose que a la vez se ha adicionado el artículo 79.

Si la parte interesada tiene una copia del documento original en que se fundó la inscripción y de la cual aparece la extinción del derecho, eso es bastante.   De otro modo, o debe procurar una copia del original o comparecer ante un notario y otorgar un documento igualmente formal.

No existe ninguna incompatibilidad muy clara entre los dos métodos alternativos ni impropiedad muy aparente en dejar a opción y conveniencia de la parte interesada el adoptar uno u otro medio.

Habiendo sido prescrito este doble remedio en la sesión ordinaria de 1923, no había razón ninguna urgente por la cual los artículos así enmendados debieron haber sido modificados dentro de un mes o más posteriormente a la sesión especial.   Que los arrendamientos no estaban incluídos en-

tre los particulares enumerados en la ley aprobada en la sesión especial, parece indicar que la legislatura fué de opinión de que la innovación ya hecha en la sesión ordinaria era bastante radical.

Por supuesto, como indica el registrador en su alegato, que la cancelación de todos los asientos que no son convenientes hecha por el registrador a iniciativa propia pudo haber sido autorizada, pero de aquí no se infiere que al permitir el párrafo segundo del artículo 82 y el disponiéndose adicionado al artículo 79 que prevalezcan juntos, estamos tratando mediante legislación judicial de suplir cualquier omisión o imprevisión por parte de la legislatura al decretar las varias disposiciones a que se ha hecho referencia o derogar o convertir en letra muerta el disponiéndose en cuestión.

*La nota recurrida debe ser devocada.*