RAFAEL PAGÁN ESMORIS, recurrente, *v.* EL REGISTRADOR DE. LA PROPIEDAD DE MAYAGÜEZ, recurrido.

Núm. 1265.—*Sometido:* Mayo 1, 1950. *Resuelto:* Mayo 31, 1950.

*José Sabater,* abogado del recurrente; el Registrador recurrido comparecío por escrito.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

El recurrente es dueño de una finca urbana inscrita en el Registro de la Propiedad de Mayagüez, la cual se halla afecta a una hipoteca inscrita desde el 28 de abril de 1925 a favor de la incapacitada Jovita Esmoris Graña. No se ha acreditado en el Registro la interposición de la demanda en cobro de la referida hipoteca o la de subsistencia de tal gravamen.

▮▮▮▮ Invocando el artículo 388-B de la Ley Hipotecaria(¹) el recurrente requirió al Registrador, de conformidad con el último párrafo del citado artículo, para que

---

(¹) El artículo 388-B de la Ley Hipotecaria, según fué adicionado por la Ley núm. 12 de 29 de agosto de 1923, Sesión Extraordinaria, pág. 37, dice en parte:

"Cualquier persona natural o jurídica, que sea dueña de bienes inmuebles sobre los cuales pesen gravámenes hipotecarios que tengan veinte (20) años de vencidos o de constituídos, si no tuvieren vencimiento, podrá presentar a la corte de distrito en que radiquen los bienes o la mayor parte de ellos, una petición solicitando la cancelación de dichas hipotecas, y el juez de dicha corte ordenará la citación del acreedor para que comparezca ante la misma dentro del término de diez (10) días, si la citación se hace en el distrito, de veinte (20) días si se hace fuera del Distrito pero dentro de la Isla, y cuarenta (40) días si se hace fuera de la Isla, a qué exponga las razones por las cuales dichas hipotecas no deben ser canceladas.

"Si expirado este término no compareciere el acreedor citado, se anotará su rebeldía y la corte dictará una sentencia ordenando la cancelación. Si el referido acreedor hipotecario comparece a oponerse a la cancelación citada, entonces el procedimiento se convertirá en contencioso y se seguirá por los trámites que establece el Código de Enjuiciamiento Civil.

"Las citaciones a los acreedores se harán en la forma siguiente:

". . . . . . . .

"Si fuese contra un menor de catorce años que residiere en la Isla, a dicho menor personalmente, así como también a su padre, madre o tutor.

"Si contra una persona con residencia en la Isla, que hubiere sido declarada judicialmente demente o incapacitada para atender a sus propios asuntos, y se le hubiere nombrado un tutor, a dicha persona y también a su tutor.

". . . . . . . .

"Transcurrido un año desde la vigencia de esta Ley, los Registradores, a instancia de las personas interesadas ya indicadas, procederán a la cancelación de las hipotecas referidas en esta sección, sin necesidad de notificación alguna, si no se hubiere acreditado en el Registro la interposición de la demanda en cobro de la misma o la de subsistencia de tales gravámenes."

procediese a cancelar dicho gravamen, por no concurrir las circunstancias antes expresadas y haber transcurrido más de veinte años desde su constitución.

No obstante la letra clara del último párrafo del artículo 388-B, el Registrador denegó la cancelación. Sostiene que para que ésta pueda practicarse—aún después del primer año de la vigencia de dicho artículo—es preciso la notificación a la acreedora, pues de lo contrario, se le privaría de su propiedad sin el debido procedimiento de ley.

Quizás hubiera constituído privación de la propiedad sin el debido procedimiento de ley, si se hubiese ordenado la cancelación de las hipotecas que para la fecha de la aprobación de la Ley tuvieran veinte años de constituídas, sin que se le hubiera dado al acreedor un término razonable para que interpusiese la demanda o acreditara la subsistencia del gravamen. Precisamente, para salvar la constitucionalidad de la Ley, se concedió el término de un año desde su vigencia para que el acreedor cumpliera dicho requisito. En el presente caso, cuando se aprobó el artículo 388-B de la Ley Hipotecaria en 1923, todavía no se había constituído la hipoteca cuya cancelación se interesa. Así, pues, la acreedora hipotecaria, al constituirse la hipoteca, sabía que la misma podría ser cancelada al vencimiento de veinte años con arreglo al último párrafo del artículo 388-B. En tales circunstancias, no puede sostenerse que la acreedora pueda ser privada de su propiedad sin el debido proceso de ley, por la circunstancia de no habérsele hecho la notificación que sólo exigía la ley cuando la cancelación se solicitaba antes de expirar un año a partir de su aprobación.

██ El otro fundamento de la nota es, que de conformidad con el artículo 40 del Código de Enjuiciamiento Civil, (²) el término de prescripción no corre contra la acree-

---

(²) El artículo 40 del Código de Enjuiciamiento Civil prescribe:

"Si la persona con derecho a ejercitar una acción, que no sea la reivindicatoria de propiedad inmueble, fuese al tiempo de nacer la causa de la acción:

"1. Menor de edad; o

"2. Demente; o

dora hipotecaria por ser ésta una incapacitada. Tampoco tiene razón el Registrador. El artículo 388-B aprobado con posterioridad al artículo 40 del Código de Enjuiciamiento Civil incluye en sus disposiciones a los menores e incapacitados, y consecuentemente, el artículo 40 no es aplicable a esta situación especial prevista por la ley. El objetivo perseguido por el artículo 388-B de la Ley Hipotecaria es eliminar del Registro aquellos gravámenes que, por el tiempo transcurrido desde su constitución, debe presumirse que en realidad no existen. Cf. *Berio* v. *Registrador*, 35 D.P.R. 434.

*Procede revocar la nota recurrida y ordenar la cancelación de la hipoteca.*

"3. Encarcelada por acusación criminal, o cumpliendo sentencia por convicción en causa criminal por un término menor que el de su vida natural; o

"4. Una mujer casada siendo su esposo parte necesaria con ella para principiar tal acción; el tiempo que dure tal incapacidad no se considerará parte del tiempo fijado para empezar a ejercitar la acción."