WARREN E. WESTON, et al.,
Plaintiffs, Appellants

v.

GEORGE A. STUCKERT, JR., et al.,
Defendants, Appellees

No. 6,209

United States Court of Appeals

First Circuit*

Decided April 8, 1964

*See, also, 329 F.2d 681*

* This opinion of the U. S. Court of Appeals for the First Circuit discusses questions of Virgin Islands' law, and, therefore, is included in these Reports as a matter of interest.

Ruben Rodriguez Antongiorgi (Fiddler, Gonzalez & Rodriguez on brief), San Juan, Puerto Rico, *for appellants*

Rafael Martinez Alvarez, Jr., Santurce, Puerto Rico, *for appellees*

Before WOODBURY, *Chief Judge*, and MARIS[*] and ALDRICH, *Circuit Judges*

MARIS, *Circuit Judge*

This is an appeal by the plaintiffs from a judgment of the District Court for the District of Puerto Rico dismissing an action in which they sought to establish a resulting or constructive trust in land in St. John in the Territory of the Virgin Islands which had been conveyed by George A. Stuckert, Sr., the father of plaintiff Mildred Stuckert Weston, to her brother, defendant George A. Stuckert, Jr.

██ It is a rule of the conflict of laws which is followed in Puerto Rico as well as elsewhere that the effect of a conveyance of land is governed by the law of the situs of the land.[1] This rule applies to the determination of the question whether as the result of certain transactions a trust in land has been created.[2]

█ The Restatement of the Law Trusts, Second, states that a resulting trust arises where a person makes or causes to be made a disposition of property under circumstances which raise an inference that he does not intend that the person taking or holding the property should have the beneficial interest therein, unless the inference is rebutted or the beneficial interest is otherwise effectively disposed of.[3]

█ The Restatement of the Law of Restitution, Quasi

---

[*] By special designation.

[1] Restatement, Conflict of Laws §§ 220, 221; 31 L.P.R.A. § 10.

[2] Restatement, Conflict of Laws § 239; *Schwartz* v. *District Court*, 1952, 73 P.R.R. 800, 811.

[3] Restatement, Trusts 2d § 404.

Contracts and Constructive Trusts states that where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it, a constructive trust arises.[4]

 The restatements express the common law of the Virgin Islands on the subject.[5] It was, therefore, necessary for the plaintiffs to prove facts which would support the conclusion that either a resulting or a constructive trust had arisen as the result of the conveyance in question in order to secure such relief as the district court was competent to give them.[6]

Findings of fact which the district court made may be summarized as follows:

 George A. Stuckert, Sr. and his wife Mildred E. Stuckert had three children, George A. Stuckert, Jr., one of the defendants, Mildred Stuckert Weston, one of the plaintiffs whose husband, Warren E. Weston, is the other plaintiff, and Margaret Stuckert Merritt named as a defendant but as to whom the amended complaint was dismissed without prejudice. On July 18, 1951 Stuckert, Sr. for $2,000.00 acquired 30.34 acres of land in the Cruz Bay Quarter of the island of St. John in the Virgin Islands, being the land (less .81 acre subsequently sold) which is here in controversy. On April 16, 1956, Stuckert, Sr. conveyed the land in controversy to his son, defendant George A Stuckert, Jr., for a consideration of $2,000.00 which Stuckert, Sr., both in the deed and by answer to an interrogatory, acknowledged that he had received from his son,

[4] Restatement, Restitution § 160.
[5] 1 V.I.C. § 4.
[6] The district court had no power by its decree to create an equitable interest in land in the Virgin Islands as the amended complaint sought to have it do, Restatement, Conflict of Laws § 240, but, if the facts had warranted, the court could have made a decree in personam against the defendants directing them to make such conveyance or other restitution to the plaintiffs as justice might require. Restatement, Conflict of Laws § 97. The amended complaint also prayed for relief in personam of this character.

plus other good and valuable considerations. Mrs. Stuckert, although then seriously ill, joined in the deed, thereby waiving her inchoate right of dower under the then existing law of the Virgin Islands.[7] Execution of the deed was witnessed by three persons, one of whom was Margaret Stuckert Merritt, the sister of plaintiff Mildred Stuckert Weston. No part of the $2,000.00 purchase money was furnished by either of the plaintiffs. Mrs. Stuckert died on April 24, 1956, 8 days after the execution of the deed in controversy. Stuckert, Sr., however, lived for more than 5 years thereafter. He died 3 weeks after having suffered a stroke in July 1961. The plaintiffs live in Pennsylvania but defendant George A. Stuckert, Jr. has always remained in Puerto Rico, sharing the care of his father with his other sister Margaret Stuckert Merritt for a period and then taking exclusive charge of him. Stuckert, Sr., while alive, and his son, defendant George A. Stuckert. Jr., entertained a scheme for the subdivision of the St. John land and a formal project to this end was commenced. The land was subdivided and some two acres were in fact sold.

In addition to the testimony of the plaintiffs and defendant George A. Stuckert, Jr., a large number of documents were introduced in evidence, mostly correspondence passing between plaintiff Mildred Stuckert Weston, her father, and her brother, defendant George A. Stuckert, Jr. The district court found that this correspondence did not show by a preponderance of the evidence, clearly and satisfactorily, that George A. Stuckert, Jr. took the St. John land for the benefit of all three children of his father, as the plaintiffs contended, or that his father intended that he should take title in trust for his sisters Margaret and Mildred. The court, on the contrary, found as a fact that Stuckert, Sr. had by a valid deed, for a fair and reasonable consideration, sold the land to defendant George A.

---

[7] The rights of dower and curtesy have been abolished in the Virgin Islands in the estates of persons who died after September 1, 1957, 15 V.I.C. § 83.

Stuckert, Jr. and that no trust in favor of plaintiff Mildred Stuckert Weston resulted from the conveyance. The court accordingly concluded that the title of defendant George A. Stuckert, Jr. to the land in controversy was valid and not subject to any trust. Judgment was thereupon entered dismissing the action and the present appeal followed.

The exact bases of the claim of the plaintiffs that the conveyance to defendant George A. Stuckert, Jr. operated to establish a resulting or constructive trust in favor of himself and his two sisters are somewhat difficult to understand. Apparently they contend that the correspondence establishes either that Stuckert, Sr. intended that his son should hold the land in trust for all three children (a resulting trust), or that the conveyance was a fraud upon defendant Mildred Stuckert Weston as a prospective heir of her father with respect to which she is entitled to restitution of some sort (a constructive trust). In any event we cannot say, after a careful study of the record, that the district court erred in finding that the conveyance in question was a valid one for a consideration which Stuckert, Sr. regarded as fair and reasonable. Nor can we say that the court erred in concluding that the evidence did not establish by a satisfactory preponderance that Stuckert, Sr. intended the conveyance to be in trust for his daughters.

The correspondence between plaintiff Mildred Stuckert Weston in Pennsylvania and her father and brother in Puerto Rico was undoubtedly somewhat ambiguous and capable of differing and, indeed, conflicting inferences. But a reading of it leaves one with the distinct impression that the basic concern of Stuckert, Sr. was with his own old age income and security rather than with the future interests of his two daughters. And in this connection it appears that it was certainly not the plaintiffs, but defendant George A. Stuckert, Jr. to whom he conveyed the land, who provided Stuckert, Sr. with care and took charge of him after the conveyance and up to the time of his death. The promise

544

of such future care may well have been the "other good and valuable considerations" which the deed recited.

The argument with respect to the facts has covered a wide range. No useful purpose would be served, however, by recounting in further detail the evidence in this unfortunate controversy between brother and sister. It is enough to say, as we have, that the findings of the district court are not clearly erroneous and that they fully support the court's conclusion that the action should be dismissed.

The judgment of the district court will be affirmed.