**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Guillermo Irizarry DEYA and Elba Irizarry, his wife, Defendants.**

**Civ. No. 41–70.**

United States District Court,
D. Puerto Rico.

Jan. 16, 1974.

Jose A. Anglada, Asst. U. S. Atty., San Juan, P. R., for plaintiff.

Eva Irizarry De Toledo, Hato Rey, P. R., for defendants.

## OPINION AND ORDER

CANCIO, Chief Judge.

Plaintiff herein, the United States of America, filed this action seeking to annul an entry made in the Property Registry cancelling a mortgage in favor of the Puerto Rico Hurricane Relief Commission. The defendants are the present owners of the farm. The facts are as follows:

In the year 1948 the defendants filed a complaint before the Puerto Rico District Court, Arecibo Part, requesting from the previous owners of the above-

mentioned farm the payment of $3,000 of the principal and interest accrued up to April 25, 1947 which amounted to the sum of $3,916.00. Said debt was the amount of a mortgage executed over said property and duly recorded in the Puerto Rico Registry of Property of Utuado. The Court entered judgment ordering the previous owner to pay to the present owner of the farm the principal plus interest accrued since April 25, 1929. As a consequence of non payment, the present owners of the farm requested the execution of the judgment and it was conceded. The mortgaged property was bought by the defendants in a public sale held in the year of 1949. The Registrar of the Property recorded the sale in favor of the defendants, adding to the inscription that the property was still affected by a mortgage in favor of the United States of America. This mortgage constituted a second lien in accordance with its inscription on the Registry. In 1960, the defendants requested from the Registrar the cancellation of the mortgage in favor of the United States of America based on 30 L.P.R.A. § 704, and the same was cancelled through marginal notation of inscription. The United States of America on its complaint alleges that this cancellation is null and void because the time limit contained in 30 L.P.R.A. § 704—Puerto Rico Mortgage Law—does not operate against the United States of America. The defendant moved to dismiss the action and the United States government opposed the motion. On June 21, 1971, this Court denied the motion to dismiss and ordered the defendants to answer the plaintiff's complaint. On October 17, 1972, the plaintiff moved for a summary judgment under the provisions of Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C. The defendants opposed the latter motion. This Court ordered a reply brief by the plaintiff to decide the question pending in this case at the time which is if the Puerto Rico Registrar of the Property's cancellation of the United States mortgage encumbering the defendants' property is null and void. We decide it is not.

It has been generally held that, as the United States government contends, state statutes of limitations do not apply to suits brought by the United States or its officers, unless Congress has manifested its intention that it should be so bound, specially where the United States is asserting rights vested in it as sovereign. United States v. John Hancock Mutual Life Insurance Co., 364 U.S. 301, 81 S.Ct. 1, 5 L.Ed.2d 1 (1960); United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931); United States v. Minnesota, 270 U.S. 181, 46 S.Ct. 298, 70 L.Ed. 539; United States v. Buford, 3 Pet. 12, 7 L.Ed. 585 (1830).

There is, on the other hand, the exception based on the congressional intent. United States v. Summerlin, *supra*. We are referring to 28 U.S.C. § 2410(e) as amended, which we find very similar in nature, results and purposes, to Article 388–B of the Puerto Rico Mortgage Law. This section waives United States privileges concerning actions affecting property on which United States has a lien. Section 2410(e) reads:

"Whenever any person has a lien upon any real or personal property, duly recorded in the jurisdiction in which the property is located, and a junior lien, other than a tax lien, in favor of the United States attaches to such property, such person may make a written request to the officer charged with the administration of the laws in respect of which the lien of the United States arises, to have the same extinguished. If after appropriate investigation, it appears to such officer that the proceeds from the sale of the property would be insufficient to wholly or partly satisfy the lien of the United States, or that the claim of the United States has been satisfied or by lapse of time or otherwise has become unenforceable, such officer shall so report to the Comptroller General who

may issue a certificate releasing the property from such lien."

In interpreting this section, in the case of Schmitz v. Societe Internationale, 249 F.Supp. 757 (D.C.D.C.), cert. denied, 387 U.S. 908, 87 S.Ct. 1684, 18 L.Ed.2d 626, it was held that this section's application is to those situations involving quieting of title or foreclosing of mortgages or liens on real or personal property and clearing real estate titles of questionable or valueless government liens. In other words, the United States waives its sovereignty in a congressional enactment with a purpose very similar in nature to Article 388–B of the Puerto Rico Mortgage Law, *supra*; and binds itself in order to clear titles which for one reason or other had become unenforceable. One of the reasons given is "by lapse of time." See § 2410(e), *supra*. This statute is purely permissive —providing that "such person *may* . . . . " (Emphasis added.)—and an alternative method to clear up unenforceable titles in favor of the United States. It is not the only way in which a federal lien can be extinguished and does not exclude otherwise available state procedures. United States v. Brosnan, 363 U.S. 237, 80 S.Ct. 1108, 4 L. Ed.2d 1192 (1960). Here the defendant chose instead the Puerto Rico Mortgage Law, Article 388–B, to clear up his title to the land.

In *Brosnan, supra*, the Supreme Court stated that Congress must have recognized the possibility that state procedures might affect federal liens, and that nothing in the legislative history of the statute indicated that Congress believed a suit against the United States to be the only way in which a federal lien could be extinguished.

> "These statutes on their face evidence no intent to exclude otherwise available state procedures. Their only apparent purpose is to lift the bar of sovereign immunity which had theretofore been considered to work a particular injustice on private lienors."

As far as the case at bar is concerned, it would be more than unjust to permit the revival of a mortgage overdue for forty years, thirteen years after it was cancelled from the Registrar's books in accordance to the Puerto Rico Mortgage Law. Defendants have owned this property and have had it under their control with a just title and good faith since March 2, 1949; that is more than twenty years without interruption. Under Puerto Rico Civil Code, Article 1857, 31 L.P.R.A. § 5278, they have acquired the property under adverse possession prescription period.

Rules of property ownership fall under the realm of state law to which the federal courts must normally defer. These courts are also bound to follow the authoritative construction of such rules by state courts, 28 U.S.C.A. § 1652; Guffey v. Smith, 237 U.S. 101, 35 S.Ct. 526, 59 L.Ed. 856 (1915); Kuhn v. Fairmont Coal Co., 215 U.S. 349, 30 S. Ct. 140, 54 L.Ed. 228 (1910). In this respect, Article 10 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 10, reads as follows:

> "Personal property is subject to the laws of the owner's residence, while real property is subject to the laws of the country where it is located."

This rule has been uniformly upheld by the Puerto Rico Supreme Court. Colón v. Registrador, 2 DPR 369 (1915); The Plantations Co. v. Smith, 23 DPR 394 (1916); Brocons v. Registrador, 24 DPR 753 (1917); Martínez v. Vda. de Martínez, 88 DPR 443 (1963) (all to Spanish editions). The First Circuit approved it in Weston v. Stuckert, 329 F.2d 681 (1 Cir., 1964).

The plaintiff contends that according to Articles 125 and 132 of the Puerto Rico Mortgage Law, a previous notice to plaintiff of the judicial sale was indispensable for cancelling the plaintiff's mortgage, and that such notice was indispensable for the cancellation to occur under the requirements of due process of law. They further allege that no no-

tice of the judicial sale was received at all by the plaintiff, United States of America. The fact is that the cancellation of the United States mortgage did not come as a result of such judicial sale in which the defendants acquired the farm, but eleven years later, in 1960. When the defendants acquired the property, the Registrar, in accordance to Article 125 of the Puerto Rico Mortgage Law, 30 L.P.R.A. § 221, recorded the property stating that it was still affected by a mortgage in favor of the United States of America, constituting a second lien. On April 6, 1951, the defendants, interested in having their property free of the record lien, moved the Puerto Rico District Court, Arecibo Part, requesting that judgment be set aside on the ordinary judicial proceedings in which they obtained the foreclosure of their first mortgage and demanded the holder of the record mortgage, the United States of America, to be summoned so that it could appear in court and exercise the rights that by law it was entitled to, or otherwise to direct the Registrar to record their property as free of liens.

In 1960, according to Article 388–B of the Puerto Rico Mortgage Law, 30 L.P.R.A. § 704, the Registrar cancelled the plaintiff's mortgage. This article states in its last paragraph:

"On the lapse of one year from the date on which this Act takes effect and on petition of the aforesaid interested parties, registrars shall cancel the mortgage referred to in this section, without need of any notice whatsoever, if the filing of suit to recover the same or the subsistence of such liens is not shown in the registry."

■ Under this section, it is clear that the Puerto Rico Mortgage Law does not require any kind of notification for the cancellation of liens which have been recorded and overdue for more than twenty years. Pagán v. Registrador, 71 DPR 480 (1950) (Spanish edition). According to this case, cancellations under 388–B do not require notification to creditors for mortgages overdue for more than twenty years. So, plaintiff's argument that they were not notified is frivolous since according to the Puerto Rico Mortgage Law and the decisions of its Supreme Court, the notification was not needed. In United States v. Cless, 254 F.2d 590 (3 Cir., 1958), the Third Circuit, upholding the district court judgment adverse to the Government, and deciding that in accordance with Pennsylvania law, the subordinate mortgage lien of the United States was divested by foreclosure of prior mortgage, said in page 594:

"In the absence of express Congressional action to the contrary, we think it is not asking too much from a federal agency, which has embarked upon the business of lending money in competition with private firms and individuals, simply to be governed by the same local law which controls the rights of private citizens in a similar endeavor. And the government could not have been taken by surprise by local law established for one hundred years and more. In this situation, notice adequate to others is adequate to the United States."

In view of the foregoing, plaintiff's motion for summary judgment is hereby denied.

It is so ordered.