## UNITED STATES v. GIBSON.

United States District Court
D. Idaho, N. D.
Nov. 15, 1951.

John A. Carver, U. S. Dist. Atty., Paul S. Boyd, Asst. U. S. Dist. Atty., Herman J. Rossi, Asst. U. S. Dist. Atty., all of Boise, Idaho, for plaintiff.

William S. Hawkins, Coeur d' Alene, Idaho, for defendant.

CLARK, District Judge.

This matter is before the Court on a motion for judgment on the pleadings made on behalf of the defendant. The motion was submitted on briefs and has been duly considered by the Court.

It appears from the pleadings that one Virgil Thomas Gibson, who had served as a member of the Armed Forces, died on the 8th day of December 1949. During his lifetime the plaintiff, by mistake, between the dates of June 13, 1947 and through November 30, 1949, made dual payments of compensation, which payments were made by the Veterans Administration as follows: An award of disability compensation (6B5) was approved in favor of said Virgil Thomas Gibson under which payments were made at the monthly rate of $41.40 commencing prior to June 13, 1947 through November 30, 1949. Subsequently an original 6B4 award was erroneously approved in favor of Virgil Thomas Gibson in place and instead of an amendment to the original 6B5 award. The payments were made thereunder at the rate of $60 per month for the period between June 13, 1947 through November 30, 1949 resulting in dual payments for this period. This resulted in an excess amount of $1209.44.

On the death of said Virgil Thomas Gibson, deceased, the defendant herein Elma Agnes Gibson was duly appointed and qualified as administratrix of his estate; thereafter and during the pendency of the administration, and within the time required by the Statute of the State of Idaho, the United States filed a creditor's claim against the estate of Virgil Thomas Gibson; this claim was rejected in its entirety on July 12, 1950.

The main question is: Does the United States by filing a claim against an estate submit itself to the jurisdiction of the State Court and thereby limit the action to be taken upon rejection of the claim? That is, is the United States restricted to proceed-

ing in conformity with the State Statute or may the United States institute suit as in the present case.

The pertinent of the Idaho Code is 15–607 which is as follows: "When a claim, accompanied by the affidavit required in this chapter, is presented to the executor or administrator he must, within sixty days after its receipt, indorse thereon, his allowance or rejection, with the day and date thereof. If he allows the claim, he must within the same time present it to the probate judge for his approval, who must, in the same manner indorse upon it his allowance or rejection. If the executor, administrator, or judge reject the claim, or disallow any part thereof, he shall within ten days thereafter notify the claimant, his agent or attorney, by mail or personal notice of such rejection or disallowance. If the claim be presented to the executor or administrator before the expiration of the time limited for the presentation of claims, the same is presented in time, though acted upon by the executor or administrator, and by the judge, after the expiration of such time."

■ In effect this section is divided into two portions. The first dealing with the allowance of claims by the administrator or Probate Judge, the second portion treats with rejection of claims and notice. It will be noted that the Statute requires that allowed claims be presented to the Probate Court but it does not require rejected claims to be so presented. The administratrix may reject a claim without any Court action and thus it is merely an administrative function.

■ This was the course of action taken by the administratrix in this case. Under section 192 Title 31 U.S.C.A. in paying other claims against the estate it would appear she did so at her peril, as this statute provided: "Every executor, administrator, or assignee, or other person, who pays, in whole or in part, any debt due by the person or estate for whom or for which he acts before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate to the extent of such payments for the debts so due

to the United States, or for so much thereof as may remain due and unpaid."

Priority of the United States is established by the following section: 31 U.S. C.A. § 191: "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

The course of action taken by the administratrix in the case at bar rendered her personally liable for the money due the United States.

Carrying the discussion further, it would seem that merely filing a claim with the personal representative, which claim is rejected without court action would not bring the United States within the jurisdiction of the Probate Court, and would leave the United States to an action at law.

Such action at law is provided for in Section 15–609 of the Idaho Code, as follows: "When a claim is rejected, either by the executor or administrator, or the probate judge, the holder must bring suit in the proper court against the executor or administrator, within three months after notice of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is forever barred."

■ As to State statutes of limitation the United States Supreme Court had this to say in United States v. Summerlin, Ancillary Administratrix, 310 U.S. 414, 60 S. Ct. 1019, 1020, 84 L.Ed. 1283.

"It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights.

\*     \*     \*     \*     \*     \*

"When the United States becomes entitled to a claim, acting in its governmental

capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon [its] enforcement."

Therefore since by the Idaho Statute 15–609, the United States upon rejection of the claim by the administratrix was left to an action at law, and since the statute of limitations is not binding on the United States the action should be heard on its merits.

An order will be entered denying the motion.