**88**

**UNITED STATES of America,**
**Plaintiff,**

v.

**Henry S. DEIMER, Administrator of the**
**Estate of Grace Peterson, deceased,**
**Defendant.**

Civ. No. 3617.

United States District Court
D. Wyoming.

Aug. 7, 1953.

Clifford N. Bloomfield, Jr., Asst. U. S. Atty., Cheyenne, Wyo., for plaintiff.

John J. Spriggs, Lander, Wyo., for defendant.

KENNEDY, Judge.

This is a case in which the plaintiff seeks to recover upon a promissory note executed and delivered by Grace Peterson with her husband, Joseph Peterson, Jr. The principal defenses raised by the answer are: (a) No sufficient proof that Grace Peterson signed the note, and (b) that the claim upon the note was not presented to the administrator of her estate within the time fixed by law for the presentation of claims under the Wyoming statutes and is therefore uncollectible.

Evidence was tendered by the government as to the circumstances surrounding the execution of the note which in the absence of any showing to the contrary are sufficient in the opinion of the Court to hold that the instrument was executed by the decedent, Grace Peterson, and it will be so found.

As to the defense that the government failed to present its claim within the time fixed by the Wyoming statute, W.C. S.1945, § 6–1601 et seq., for the presentation of claims in the estates of decedents it appears that the application for the loan was made upon a blank which bears at its head "FHA Title I Credit Application, property improvement loan", and "This application is submitted to obtain credit under the terms of Title I of the National Housing Act [12 U.S.C.A. § 1701 et seq.]". The note itself is made payable to the Construction Materials Company and endorsed, without recourse, to The Continental National Bank and Trust Company of Salt Lake City, Utah, and is for the sum of $447.87 and dated August 5, 1946. Payment on a portion of the note having defaulted the note was transferred by endorsement of the above mentioned bank to the United States of America, without warranty (except as the note being qualified for insurance), upon payment to the bank of the unpaid balance. The estate of Grace Peterson was admitted to probate and the usual notice to present claims was published in accordance with the Wyoming statute. After that time had expired the government presented its claim to the above named administrator and was rejected upon the ground that it had not been filed within the statutory limitation. The government thereupon entered the suit herein for recovery upon the note in the amount of $178.95, with interest from April 3, 1953.

The above instruments, introduced on behalf of the United States, show clearly that the loan was made under government regulations, which undoubtedly accounted for the government taking the

note over and paying the then holder the balance due thereon and that the plaintiff was acting in its governmental capacity.

Defendant's principal claim of defense is that the claim of the government was not presented within the time fixed by the Wyoming Statute of Limitations in the probate of an estate. Cases have been cited to support that claim from several state courts holding in effect that the government is in the same situation as any other creditor and is bound by the state statute in that respect. The same claim was advanced in a Florida case where a claim was rejected upon the ground that it was not presented within the time fixed by statute and it was held that the stipulation applied to a claim of the United States the same as any other creditor, which decision was affirmed by the Supreme Court of that state. However, that case went to the Supreme Court of the United States and in the case of United States v. Summerlin, 310 U.S. 414, at page 416, 60 S.Ct. 1019, at page 1020, 84 L.Ed. 1283, it was reversed, where in an opinion by Chief Justice Hughes, it is said:

"It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights. [Citing cases.]"

While the contention is made that the Florida statute is somewhat different than the Wyoming statute I can find no substantial difference which affects the principle here invoked. The same view was subsequently taken by the United States District Court of Idaho in United States v. Gibson, 101 F.Supp. 225, and that Court makes a similar finding as to the point here involved. The Court upon this issue also finds for the plaintiff upon the facts and as a conclusion of law.

For the reasons stated this memorandum will serve as findings of fact and conclusions of law and a judgment may be entered in favor of the United States against the defendant administrator for the sum of $178.95, with interest from April 3, 1953, up to the date of the entry of said judgment, and the note offered in evidence will be canceled as merged in such judgment.