## UNITED STATES *v.* SUMMERLIN, ANCILLARY ADMINISTRATRIX.

No. 715.   Argued April 29, 1940.—Decided May 27, 1940.

*Mr. Frederick Bernays Wiener,* with whom *Solicitor General Biddle, Assistant Attorney General Shea,* and *Mr. Melvin H. Siegel* were on the brief, for the United States.

*Mr. Asbury Summerlin* for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

By a series of transactions, which it is unnecessary to review, the Federal Housing Administrator, acting on behalf of the United States, became the assignee of a claim against the estate of one J. F. Andrew, deceased.

Respondent was appointed ancillary administratrix of that estate by the County Judge of Polk County, Florida. Respondent, on August 13, 1937, gave notice by publication to the creditors of the estate to file proof of their claims within eight months as required by the state statute.

The United States filed its claim in the office of the County Judge on July 1, 1938, with a petition asking that the claim be allowed with the priority accorded by the federal statutes (31 U. S. C. 191, 192) and also asserting that the state statute as to the time for filing claims did not apply to claims of the United States. The County Judge denied the petition, holding that the state statute was applicable and further adjudging that the claim of the United States be "disallowed as a claim against the estate" of the decedent.

The United States appealed to the Circuit Court for Polk County, where the order of the County Judge was in all respects affirmed. The judgment explicitly declared the claim of the United States to be "void," because not filed within the time prescribed. An appeal to the Supreme Court of Florida resulted in affirmance of the judgment of the Circuit Court. 140 Fla. 475; 191 So. 842. We granted certiorari because of the importance of the question. 309 U. S. 647.

The statute of Florida (§ 5541 (92) Compiled General Laws of 1927, Supp.) provides:

"No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee, or devisee of the decedent unless the same shall be in writing and contain the place of residence and post office address of the claimant and shall be sworn to by the claimant, his agent or attorney, and be filed in the office of the county judge granting letters. .

Any such claim or demand not so filed within eight months from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise: . . ."

The claim assigned to the Federal Housing Administrator acting on behalf of the United States became the claim of the United States, and the United States thereupon became entitled to enforce it. Act of June 27, 1934, 48 Stat. 1246. Compare *Graves* v. *New York ex rel. O'Keefe,* 306 U. S. 466, 477; *Pittman* v. *Home Owners' Loan Corp.,* 308 U. S. 21, 32, 33.

It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights. *United States* v. *Thompson,* 98 U. S. 486; *United States* v. *Nashville, C. & St. L. Ry. Co.,* 118 U. S. 120, 125, 126; *Stanley* v. *Schwalby,* 147 U. S. 508, 514, 515; *Guaranty Trust Co.* v. *United States,* 304 U. S. 126, 132; *Board of Commissioners* v. *United States,* 308 U. S. 343, 351. The same rule applies whether the United States brings its suit in its own courts or in a state court. *Davis* v. *Corona Coal Co.,* 265 U. S. 219, 222, 223.

We are of the opinion that the fact that the claim was acquired by the United States through operations under the National Housing Act does not take the case out of this rule. The state court treated the case as in the same category as one of "statutes providing for conveyancing and, marketing negotiable instruments, and conducting other business relations." But this is not a case relating to the application of the law merchant as to the transfer of negotiable paper and the diligence necessary to charge an endorser or as to the incurring by the United States of certain responsibilities by becoming a party to such paper. *United States* v. *Barker,* 12 Wheat. 559; *Cooke* v. *United States,* 91 U. S. 389, 396. Even as a holder of such paper,

as *e.g.* negotiable bonds, the United States suing the maker is not bound by a state statute of limitations. *United States* v. *Nashville, C. & St. L. Ry. Co., supra.* When the United States becomes entitled to a claim, acting in its governmental capacity, and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement. *Chesapeake & Delaware Canal Co.* v. *United States,* 250 U. S. 123, 126, 127.

The state court, however, has said that the statute in question is not a statute of limitations, but rather a statute of "non-claim" for the orderly and expeditious settlement of decedents' estates. Presumably the court refers to the provision of the statute that if a claim is not filed within the specified period it "shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise."

If this were a statute merely determining the limits of the jurisdiction of a probate court and thus providing that the County Judge should have no jurisdiction to receive or pass upon claims not filed within the eight months, while leaving an oportunity to the United States otherwise to enforce its claim, the authority of the State to impose such a limitation upon its probate court might be conceded. But if the statute, as sustained by the state court, undertakes to invalidate the claim of the United States, so that it cannot be enforced at all, because not filed within eight months, we think the statute in that sense transgressed the limits of state power. *Davis* v. *Corona Coal Co., supra.*

Mr. Justice Story had occasion to consider the application to the Government of a state statute purporting to bar claims against decedents' estates in *United States* v. *Hoar,* Fed. Cas. No. 15,373; 2 Mason 311. There an action was brought by the United States against an ad-

ministrator of an estate and the defendant pleaded the general statute of limitation of Massachusetts as to personal actions and also the particular statute limiting suits against executors and administrators to four years after the acceptance of the trust. Mr. Justice Story thought it clear that the defense of these statutes of limitations could not avail. The question whether a further defense of *plene administravit* was good, that is, whether a distribution of surplus assets after the payment of all known debts among the heirs, either voluntary or under a probate decree, would protect the administrator from suit by the United States, it was thought not necessary to decide. Nor have we such a question here.

We hold that the state statute in this instance requiring claims to be filed within eight months cannot deprive the United States of its right to enforce its claim; that the United States still has its right of action against the administrator, even though the probate court is to be regarded as having no jurisdiction to receive a claim after the expiration of the specified period.

So far as the judgment goes beyond the question of the jurisdiction of the probate court and purports to adjudge that the claim of the United States is void as a claim against the estate of the decedent because of failure to comply with the statute, the judgment is reversed.

The cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed.*