**UNITED STATES of America, Appellant,**

v.

**William A. SHARP, Appellee.**

**No. 13950.**

United States Court of Appeals, Ninth Circuit.

Nov. 4, 1954.

Laughlin E. Waters, Clyde C. Downing, Herbert A. Greenwood, Max F. Deutz, U. S. Attys., Glendale, Marvin H. Zinman, Asst. U. S. Atty., Los Angeles, Cal., for appellant.

Owen E. O'Neil, South Pasadena, Cal., Daniel L. Fletcher, Los Angeles, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and GOODMAN, District Judge.

PER CURIAM.

The United States sued in the District Court on a promissory note executed by the appellee to Henry A. Petter Supply Co., under the terms of Title 1, of the National Housing Act, 12 U.S.C.A. § 1701 et seq. As authorized by the Act, payment of the note was insured or guaranteed by the Federal Housing Administrator. Petter, for value, endorsed the note to Commercial Credit Company, who became a holder in due course. Appellee failed to pay the note. Upon demand of Commercial Credit Company, the United States paid it off and thus became a holder in due course.

The appellee signed the note "Paducah Recreational Center by W. A. Sharp, Prop." Before appellee executed the note, he filed an application on Federal Housing Administration form 1178a for credit and this form was signed in the same manner as the note.

Appellee contends, as he did in the court below, that he in fact executed the note in a representative capacity on behalf of Sharp's Recreations, Inc., a corporation and that Paducah Recreational Center was merely the trade name of a bowling alley owned and operated by the corporation; further that he had also signed an application for credit on form 1178a on behalf of the corporation. This alleged document was not and could not be produced.

The court below, on the basis of this testimony, held that the appellee executed the note in a representative capacity and hence was not personally liable, and entered judgment in his favor.

We agree with the United States that the judgment below was erroneous and that the appellee is personally liable on the note.

Appellee signed the note in his personal capacity as owner or proprietor of Paducah Recreational Center. The instrument does not disclose the name of any principal for whom appellee purported to act. Nor did it disclose on its face that he was in fact acting for any principal other than himself. Furthermore, the attempt to shift liability to a principal undisclosed on the note must fail as against the United States, a holder in due course. Applicable statutory and decisional law is too well known and uniform to warrant repetition here.

The conclusion of the court below, that by reason of unreasonable delay in instituting the action, the government was barred from collecting the note from the appellee, cannot be sustained. The defense of laches does not apply where the United States enforces its rights. U. S. v. Summerlin, 310 U.S. 414–416, 60 S.Ct. 1019, 84 L.Ed. 1283 and cases there cited.

The judgment is reversed.