**UNITED STATES of America**

v.

**James M. BURKE, Helen V. Burke.**

**Civ. No. 9884.**

United States District Court
D. Maryland,
Civil Division.

March 5, 1958.

Leon H. A. Pierson, U. S. Atty., and J. Jefferson Miller, II, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

James M. Burke, pro se.

THOMSEN, Chief Judge.

Defendant has moved to vacate a default judgment entered against him for $678.76, the balance due with interest on a note executed by defendant and his wife in 1951, which became due and payable on July 7, 1954. The word "seal" in parentheses was printed at the end of the line on which defendant's signature was written. The note was insured by the Federal Housing Administration in accordance with the provisions of Title I, sec. 2 of the National Housing Act, 12 U.S.C.A. § 1703. It was endorsed without recourse by the payee to a lending institution and was subsequently assigned by the latter to the United States of America. This action was filed on

August 5, 1957. In support of his motion, defendant argues that "in the State of Maryland, an action on a promissory note is barred by the lapse of three years", and cites Art. 57, sec. 1 of the Maryland Code.

It is well settled that the United States is not bound by state statutes of limitation. When the United States becomes entitled to a claim, acting in its governmental capacity, and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement. United States v. Summerlin, 310 U.S. 414, 416, 417, 60 S. Ct. 1019, 84 L.Ed. 1283; United States v. Nashville, Chattanooga & St. Louis Railway Co., 118 U.S. 120, 125, 6 S.Ct. 1006, 30 L.Ed. 81; United States v. Schaeffer, D.C.D.Md., 33 F.Supp. 547. Congress has passed no statute of limitation to bar suit by the government in such a case as this.

Moreover, it seems that sec. 3 of Art. 57 rather than sec. 1 is applicable. General Petroleum Corp. v. Seaboard Terminals Corp., D.C.D.Md., 23 F.Supp. 137, 140, and authorities cited.