**UNITED STATES of America, Plaintiff,**

v.

**SAMSON MANAGEMENT CORPORATION, and Arnold D. Goldstein, Individually and as Vice President of Samson Management Corporation, Defendants.**

**Civ. A. No. C74–1034A.**

United States District Court, N. D. Georgia, Atlanta Division.

Sept. 5, 1974.

**84**

John Stokes, U. S. Atty., Frank E.
Schwelb, Chief Housing Section, Civil
Rights Div., Warren L. Dennis, Cecillia
P. Castellanos, Housing Section, Civil
Rights Div., for plaintiff.

Hoke Smith, Smith, Cohen, Ringel,
Kohler, Martin & Lowe, Atlanta, Ga.,
Joel C. Meredith, Philadelphia, Pa., for
defendants.

## ORDER

JAMES C. HILL, District Judge.

This case is before the court on de-
fendants' motion for a protective order
and on plaintiff's application pursuant
to Rule 12(d) of the Federal Rules of

Civil Procedure. The United States has brought this action against Samson Management Corporation and Arnold D. Goldstein for alleged violations of Title VIII of the Civil Rights Act of 1968, 42 U.S.C. Sec. 3613, in that defendants have allegedly discriminated in the managing and renting of apartments.

## I.  PROTECTIVE ORDER

This motion was made by defendants after the government requested, pursuant to Rule 34 of the Federal Rules of Civil Procedure, to inspect various documents and records of the defendants. The government desires to see records dating back as far as January 1, 1960. Defendants objected to this request as they feel it is immaterial, burdensome, and oppressive. Defendants state that the Georgia two-year statute of limitations for personal injury is applicable to this situation and therefore any information antedating the limitation is not material.

■■■ This Title VIII action, in which the United States is seeking injunctive relief, is equitable in character. It is true that if this were an action at law and the federal statute were silent on any statute of ·limitations then the federal court would look to local state law to find the statute of limitations. In Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946), however, the Supreme Court held that in federal equitable cases the doctrine of laches applies. It has further been held that the United States is not subject to the defense of laches when it is suing to enforce public rights. United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); Nabors v. N. L. R. B., 323 F.2d 686 (5th Cir. 1963). The court in Nabors, in addition, held that where the United States is enforcing public rights and the proceedings confer incidental benefits on private persons, that state statutes of limitations are not applicable.

■■ Even though discriminatory practices prior to the enactment of the Civil Rights Act of 1968 were not necessarily illegal, discovery of such practices can be relevant for ascertaining illegal post-Act activities. "When there is a finding of a pre-Act pattern or practice of discrimination, and little or no evidence indicates a post-Act change in such pattern or practice up to the time suit is filed, a strong inference that the pre-Act pattern or practice continued after the effective date of the Act arises." United States v. West Peachtree Tenth Corp., 437 F.2d 221, 227 (5th Cir. 1971). United States v. Northside Realty Associates, 474 F.2d 1164 (5th Cir. 1973). It is thus apparent that pre-Act information as to pattern or practice could be relevant in this case; could lead to discovery of relevant information; and could even be admissible into evidence. The movant has not shown that such information would be irrelevant and, thus, discovery cannot be denied on that basis.

Finally, defendants have alleged that discovery of the desired information would be burdensome and oppressive. The government has proposed that the defendants merely open up their records at defendants' various offices and allow representatives of the Department of Justice to inspect and copy such records as they feel. are material. Defendants have not made any specific showing that such discovery would be burdensome. It does not appear to the court that defendants would be required to spend their time, effort, and energy in searching the records requested.

For the above reasons, defendants' motion for a protective order is denied.

## II.  APPLICATION PURSUANT TO RULE 12(d)

In defendants' answer, their first defense stated: "The complaint fails to set forth its cause of action on which relief can be granted." This defense appears to be relying on Rule 12(b)(6), Federal

Rules of Civil Procedure, "failure to state a claim upon which relief can be granted." The government, pursuant to Rule 12(d), Federal Rules of Civil Procedure, has made application to this court that this defense be decided at this time. Defendants have submitted a brief opposing the determination of this issue but have not briefed the court on the merits of their defense.

In opposing the motion, defendants cited three cases. In two, the determination of the 12(b)(6) issue was held until trial because the cases involved novel and substantial questions of law. This does not appear to be the case here. In the third case, the court granted the 12(b)(6) motion in advance of trial and discovery, thus, denying plaintiffs the right of determination on the factual issues. This case is not applicable either.

Rule 12(d) requires the court to hear 12(b)(6) defenses in advance of trial upon the application of any party unless it orders differently. Nothing has been advanced to show why determination of this issue should be deferred.

▮▮ The court must uphold the adequacy of the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Nothing appears in the record which supports defendants' claim that there are no set of facts upon which relief can be granted.

Accordingly, this court grants plaintiff's application and finds that the complaint does state a claim upon which relief can be granted. Thirty days leave will be granted to defendants to submit a brief in support of its position that the complaint does not state a claim upon which relief can be granted and if defendants avail themselves of this opportunity, the court will reconsider this issue.

Ordered, that defendants' motion for a protective order is denied and plaintiff's application pursuant to Rule 12(d) is approved. It is adjudged that the complaint does state a claim upon which relief can be granted, subject to reconsideration upon submission of a brief on behalf of defendants on sufficiency of the complaint within 30 days of this order.

It is so ordered.