986 F.2d 1426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Conley H. CAVANAUGH, Transferee, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-9004.
 United States Court of Appeals, Tenth Circuit.
 Feb. 9, 1993.
 
 Before STEPHEN H. ANDERSON and EBEL, Circuit Judges, and BRIMMER,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner seeks review of the tax court's decision establishing his liability as the transferee for the unpaid income taxes, additions to tax, and interest as provided by law of his sister, Yvonne Cavanaugh. The tax court found that Yvonne Cavanaugh transferred property to petitioner with the intent to hinder and delay payment to her creditors and that Ms. Cavanaugh was left insolvent after the transfer, thereby establishing petitioner's liability under 26 U.S.C. § 6901(a)(1)(A)(i). The tax court also found that the notice of transferee liability was not barred by either the statute of limitations or the equitable doctrines of laches and estoppel. We affirm.
 
 
 3
 26 U.S.C. § 6901(a)(1)(A)(i) provides that the liability of a transferee of property for the taxes of the transferor may be assessed and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred. The existence and extent of a transferee's liability is determined by state law. Commissioner v. Stern, 357 U.S. 39, 45 (1958).
 
 
 4
 Pursuant to Colorado law, a conveyance made with the intent to hinder, delay, or defraud creditors is a fraudulent conveyance. Colo.Rev.Stat. § 38-10-117 (Supp.1992); Lowell Staats Mining Co. v. Pioneer Uravan, Inc., 878 F.2d 1259, 1265 (10th Cir.1989). Lack of intent to defraud creditors will not defeat a suit; it is sufficient that the transferor intend "merely to hinder or to delay the payment of his creditors." United States v. Morgan, 554 F.Supp. 582, 585 (D.Colo.1982). Further, the questions of intent and insolvency are questions of fact, Lowell, 878 F.2d at 1265-66, which may be shown by circumstantial evidence. See Morgan, 554 F.Supp. at 586. Finally, findings of fact by the tax court may not be set aside unless they are clearly erroneous. Yates v. Commissioner, 924 F.2d 967, 969 (10th Cir.1991).
 
 
 5
 We have reviewed the tax court record in this case, and we have determined that the tax court's findings are not clearly erroneous. There is ample basis in the record to support the tax court's finding that the transfers were made with the intent to hinder or delay creditors and that the transferor was left insolvent thereby.
 
 
 6
 Petitioner also argues that action against him as transferee for Ms. Cavanaugh's 1974, 1975, and 1976 tax deficiencies is barred by the one-year statute of limitations set forth in 26 U.S.C. § 6901(c)(1).[1] However, if no tax returns for those years were filed by Ms. Cavanaugh, the tax may be assessed or a collection proceeding brought at any time. See 26 U.S.C. § 6501(c)(3). Ms. Cavanaugh was convicted of willful failure to file income tax returns for 1974, 1975, and 1976. This court affirmed that conviction. See United States v. Cavanaugh, No. 82-1147 (10th Cir. Oct. 21, 1982) (per curiam). Since this court has already determined that Ms. Cavanaugh failed to file income tax returns for those years, the tax may be assessed or a collection proceeding brought at any time. Therefore, the one-year limitation period does not apply. In addition, we find no error in the tax court's finding that respondent met his burden by producing certified records which show that no tax returns were filed for 1977 and 1978 and that petitioner presented no evidence to the contrary.
 
 
 7
 Petitioner maintains that respondent is barred by estoppel and laches in pursuing this action. We agree with the tax court's ruling that respondent is not barred from determining transferee liability by either estoppel or laches. See United States v. Summerlin, 310 U.S. 414, 416 (1940) (holding that the United States is not subject to the defense of laches); Uinta Livestock Corp. v. United States, 355 F.2d 761, 766 (10th Cir.1966) (listing elements required for claim of equitable estoppel).
 
 
 8
 We find no clear error in the detailed factual findings made by the tax court. Therefore, we affirm the tax court's decision for substantially the same reasons set forth in its Memorandum Findings of Fact and Opinion.
 
 
 9
 The decision of the United States Tax Court is AFFIRMED.
 
 
 
 *
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 26 U.S.C. § 6901(c)(1) provides that, in the case of the liability of an initial transferee, the period of limitations for assessment of liability of a transferee shall be "1 year after the expiration of the period of limitation for assessment against the transferor."