Carmen BLEVINS, Appellant,

v.

PROPRIETOR PROPERTY TRUST, as nominee of Timothy Lee Nipper, Trustee or Trustees of the Proprietor Property Trust, and Thomas Eugene Nipper, Appellees.

No. 83890.

Court of Appeals of Oklahoma, Division No. 3.

Oct. 11, 1994.

Robert L. Bainbridge, Kyle B. Haskins, Crawford, Crowe & Bainbridge, Tulsa, for appellant.

Thomas Eugene Nipper, Tulsa, for pro se appellees.

## OPINION

GARRETT, Vice Chief Judge:

Appellant, Carmen Blevins (Blevins), brings this appeal from the order and judgment of the trial court. The court treated the motion to dismiss of Appellees, Proprietor Property Trust (PPT), Thomas Eugene Nipper (Thomas) and Timothy Lee Nipper (Timothy) as a motion for summary judgment. Appellant's action was dismissed with prejudice, and judgment quieting title was entered for Appellees.

Blevins' motion for permission to submit appellate briefs is denied.

The Internal Revenue Service (IRS) filed a tax lien against PPT as nominee of Timothy L. Nipper for taxes owed for calendar years 1981–1988. IRS levied on Timothy's property, described as:

Lot Twenty-seven (27), Block Seven (7), Shannon Park Sixth, an Addition in Tulsa County, City of Tulsa, State of Oklahoma, according to the Recorded Plat thereof.

Blevins purchased it from IRS on March 3, 1993. Following the period of redemption, IRS gave Blevins a quit claim deed dated September 14, 1993, and recorded October 4, 1993. Blevins filed her petition to quiet title, for ejectment and damages against Timothy, Timothy's spouse, if any, PPT, Thomas and others, to remove the cloud on her title.

Appellees defended the lawsuit on the basis that the subject property had been transferred from Timothy to Thomas in 1983 and

The trial court's order provided in part:

15. The quit claim deed, dated September 24, 1993, from IRS to Carmen Blevins, conveyed only the right, title and interest of Timothy Lee Nipper in and to the subject property. Plaintiff has no right, title or interest in the subject property, other than that conveyed to her by said quit claim deed. Because Timothy L. Nipper was not a record holder of title in the subject property for over ten (10) years preceding the date of the said quit claim deed, plaintiff did not acquire any right, title or interest in the subject property.

.     .     .     .     .

17. The court need not reach the plaintiff's contention that the 1983 conveyances were fraudulent or "shams" created for an unlawful purpose, for reason that the time in which the transfers of June 14, 1983, could be contested expired not later than November 1, 1990. (24 O.S. § 121.4).

18. The Court will treat the Motion to Dismiss as a Motion for Summary Judgment and hold that the time in which the plaintiff could contest the conveyances of June 14, 1983, had expired prior to January 21, 1994. Therefore, plaintiff's Petition to Quiet Title, for Ejectment and Damages must be and is hereby dismissed, with prejudice. Further, plaintiff is barred and enjoined from asserting any right, title or interest in and to the subject real property, and title is hereby quieted and confirmed as against the plaintiff. Each side shall bear their own costs.

■ Appellant contends the United States is not subject to statutes of limitations under state law. In support of her contention she cites *United States v. John Hancock Mutual Life Insurance Co.*, 364 U.S. 301, 81 S.Ct. 1, 5 L.Ed.2d 1 (1960) and *United States v. Summerlin*, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940). However, the issue in the present case is not whether competing federal and state statutes of limitations should take preference, but who owned the property at the time the quit claim deed was given by IRS to Appellant. Additionally, IRS is not a party to this case. We find the dispositive issue here is whether Appellant is held to state property recording laws when she takes

property from the United States. We hold she is.

State law determines what constitutes a property interest or right to property to which a federal tax lien may attach. See *Bigheart Pipeline Corporation v. United States of America*, 835 F.2d 766, 767 (10th Cir.1987), citing *In re Carlson*, 580 F.2d 1365, 1368–69 (10th Cir.1978). A tax lien can attach only to a property interest owned by the taxpayer. If the property interest has been transferred prior to the tax assessment, it is not subject to the tax lien. *St. Louis Union Trust Co. v. United States*, 617 F.2d 1293 (8th Cir.1980).

The trial court's order provides "the time in which the transfers of June 14, 1983, could be contested expired not later than November 1, 1990. (24 O.S. § 121.4 (sic))." In her petition, Appellant raised allegations of transfers made in violation of the Uniform Fraudulent Transfer Act, 24 O.S.1991 §§ 112 et seq., by her reference to the transfers as "shams". As pertinent here, 24 O.S.1991 § 121 provides:

### § 121. Limitation of actions

A cause of action with respect to a fraudulent transfer or obligation pursuant to the provisions of the Uniform Fraudulent Transfer Act, Section 112 et seq. of this title, is extinguished unless action is brought:

. . . . .

4. For the purpose of transfers made or obligations incurred prior to November 1, 1986, the statute of limitations in effect prior to November 1, 1986, shall apply to claims or causes of action based thereon, but in no event shall a claim or cause of action be brought with respect to such transfers or obligations incurred any later than November 1, 1990.

Appellant's petition was filed on January 21, 1994. Appellant was not a creditor of Timothy and had no interest in the property at the time it was transferred to Thomas. Appellant's grantor, IRS, is not a party to this lawsuit, and no party has filed an action to set aside the transfer as fraudulent. To give Appellant the relief she requests, it would be necessary to hold she is not charged with notice under the property recording laws of this state.

We hold the trial court correctly sustained the motion for summary judgment in favor of Appellees, and the judgment in their favor is AFFIRMED.

HUNTER and ADAMS, JJ., concur.