**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**AMERICAN TELEPHONE AND TELEGRAPH COMPANY, et al., Defendants.**

No. C2–97–167.

United States District Court, S.D. Ohio, Eastern Division.

July 17, 1998.

Solvita A. McMillian, Equal Employment Opportunity Comission, Cleveland, OH, for plaintiff.

Stephanie Duchess Trudeau, Ulmer & Berne, Cleveland, OH, Grant Douglas Shoub, Hunter Smith Carnahan & Shoub, Columbus, OH, for defendants.

## OPINION AND ORDER

SARGUS, District Judge.

This matter is before the Court upon the motion of American Telephone and Tele-

---

graph Corp. ("AT & T") to dismiss based upon the defense of statute of limitations. For the reasons that follow, the motion is denied.

## I.

The relevant facts with respect to the motion of AT & T are not in dispute. On November 29, 1995, the Equal Employment Opportunity Commission ("EEOC") issued a probable cause determination with respect to a charge of age discrimination filed by John R. Dudas against AT & T. On the same day, the EEOC also sent to AT & T a proposed Conciliation Agreement. Thereafter, the matter was not resolved. On February 22, 1996, the EEOC issued a final notice that conciliation efforts were unsuccessful, thereby notifying AT & T that the administrative process had concluded with an impasse. Almost one year later, on February 11, 1997, this action was filed by the EEOC.

## II.

AT & T asserts that the EEOC is subject to the ninety day statute of limitations set forth in 29 U.S.C. § 626(e). The section states in part:

If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice.

AT & T also asserts that the EEOC is "a person defined in section 630(a)," which provides:

The term person means one or more individuals, partnerships, associations, labor organizations, corporations, business trusts, legal representatives, or any organized group of persons.

AT & T cites the Court to the case of *McConnell v. Thomson Newspapers, Inc.,* 802 F.Supp. 1484 (E.D.Texas 1992). The district court therein held that the EEOC is a "legal representative" and therefore is within the definition of the term "person" as set forth in 29 U.S.C. § 630(a). From this determination, the district court concluded that the EEOC is subject to the 90 day statute of limitations set forth in 29 U.S.C. § 626(e).

The EEOC contends that it is not bound by the 90 day period set forth in 29 U.S.C. § 626(e). The EEOC cites the Court to the case of *Wilkerson v. Martin Marietta Corp.,* 875 F.Supp. 1456 (D.C.Col.) which rejected the rationale set forth in *McConnell v. Thomson Newspapers, Inc., supra.* In *Wilkerson,* the Court concluded:

... there is no applicable statute of limitations in age discrimination claims brought by the EEOC in its claims asserted here on behalf of the class of persons age 40 and over who were terminated from their employment from 1990 through 1992.

*Id.* at 1460.

The EEOC also urges this Court to consider the 1991 Amendments to the Age Discrimination and Employment Act, 29 U.S.C. § 621 *et seq.* In the original version of the ADEA, major portions of the ADEA incorporated by reference specific provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 2001 *et seq.* and the Portal–to–Portal Pay Act of 1947, 29 U.S.C. § 251 *et seq.* These statutes provided for a statute of limitations of two years, with an additional provision providing for a three year statute of limitations for willful violations of federal law. Thereafter, Congress amended the procedural requirements for the filing of ADEA claims on no fewer than three occasions. In 1988, 1990, and 1991, Congress expressed concern that the EEOC was failing to process large numbers of ADEA charges before the running of the relevant statute of limitations. *See,* Age Discrimination Claims Assistance Act § 2, Pub.L. No. 100–283 (1988); ADCAA of 1990, Pub.L. No. 101–504 (1990).

Finally, in the 1991 Civil Rights Act, Congress amended § 626(e) of the ADEA and established limitation periods for the filing of charges and lawsuits in conformity with limitation periods affecting Title VII claims. Prior to such amendments, only claimants filing ADEA charges were required to file

lawsuits within two years of the discriminatory act, regardless of whether the administrative agency had acted. With the amendments to 29 U.S.C. § 626(e), the time limits imposed on ADEA claimants became essentially the same time limits placed on Title VII claimants. According to the EEOC, such time limitations apply only to claimants with respect to the filing of the initial charge, or, if the EEOC declines action, to the filing of an action in federal court.

While surprisingly few cases have addressed the precise issue raised by AT & T, the clear intention of Congress to subject ADEA and Title VII claims to the same administrative procedure and statute of limitations provides this Court with guidance. With respect to Title VII claims, the precise issue raised by the parties has been decided by the Supreme Court. In *Occidental Life Ins. Co. of California v. EEOC*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), the Court held that Title VII did not impose upon the EEOC a specific statute of limitations. The Court concluded:

> The fact that the only statute of limitations discussions in Congress were directed to the period preceding the filing of an initial charge is wholly consistent with the Acts overall enforcement structure a sequential series of steps beginning with the filing of a charge with the EEOC. Within this procedural framework, the benchmark, for purposes of a statute of limitations, is not the last phase of the multistage scheme, but the commencement of the proceeding before the administrative body.

*Id.* at 372, 97 S.Ct. 2447.[1]

The Supreme Court thereupon affirmed the decision of the Ninth Circuit, which had held that the EEOC, as an agency of the federal government, was not subject to a statute of limitations in the absence of an unequivocal legislative directive. *EEOC v. Occidental Life Ins. Co. of California*, 535 F.2d 533 (9th Cir.1976). A long line of case authority stands for the proposition that, unless otherwise expressed by Congress, the sovereign government is not restricted by a statute of limitations, e.g., *United States v. Summerlin*, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); *United States v. Des Moines Navigation and R. Co.*, 142 U.S. 510, 12 S.Ct. 308, 35 L.Ed. 1099 (1892).

Further, in the absence of an explicit federal statute of limitations as to EEOC suits, the Supreme Court also expressly rejected the idea of adopting the most analogous state limitation, as urged in this case by AT & T. While reference to state statutes of limitations in the absence of a federal statute is appropriate as to claims brought by private litigants, e.g., *Auto Workers (UAW) v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), such a rule is inapplicable to the EEOC. The Supreme Court found that reference to state statutes of limitations would be inconsistent with the administrative structure created by Congress as to claims handled by the EEOC. *Occidental Life Ins. Co. of California v. EEOC*, 432 U.S. at 367, 97 S.Ct. 2447.

Having concluded that specific time limits did not constrain the filing of a complaint by the EEOC, the Supreme Court also noted that trial courts retained the ability to consider whether an untimely delay in the bringing of a suit by the EEOC results in prejudice or fundamental unfairness. In such cases, federal courts have the power to ameliorate any such claimed harm so as to effectuate a just result.

In the Court's view, the reasoning of the Supreme Court in *Occidental Life Ins. Co. of California, supra,* is instructive. The EEOC does not occupy the status of a private litigant. Further, this Court is not at all persuaded by AT & T's argument that the EEOC is in fact a "person" as the term is defined in 29 U.S.C. § 630(a). The ADEA makes specific reference to the Equal Employment Opportunity Commission. *See,* 29 U.S.C. § 632. Given the fact that the EEOC

---

1. The dissent, per then Justice Rehnquist, argued that the general rule prohibiting the application of a statute of limitations against an agency only applies when the government acts to vindicate public rights, rather than private interests. *Id.* at 382, 97 S.Ct. 2447. The Ninth Circuit found that the enforcement of the ADEA by EEOC action, even if the same inured to private benefit, promoted the statutory objective and was therefore brought to vindicate public rights as well. *See EEOC v. Occidental Life Ins. Co. of California,* 535 F.2d at 538.

is given exclusive jurisdiction over the initiation of ADEA charges, this Court is not inclined to find that Congress, which specifically references to the EEOC in 29 U.S.C. § 632, meant to imply in 29 U.S.C. § 630(e) that the EEOC is included in the term "person" as a "legal representative" of ADEA claimants. If Congress had so intended, the EEOC would have been included as an entity encompassed by the definition of "person". Otherwise, the rule of "expressio unius est exclusio alterius" applies.

Further, if this Court adopted AT & T's position that the EEOC must file within 90 days that it issues notice, a most anomalous situation would arise. The EEOC itself could control the operation of the statute of limitations by withholding the notice. This Court can think of no other statute of limitations which accords to a putative plaintiff the right to control the operative event triggering a running of the statute. Nothing in the ADEA remotely indicates that Congress intended to create a statute of limitations which the EEOC could unilaterally control.

This Court adopts the reasoning the holding in *Occidental Life Ins. Co. of California v. EEOC, supra.* The Court finds that there is no specific statute of limitations with respect to claims brought by the EEOC under the ADEA. If, however, a defendant can show prejudice or fundamental unfairness caused by the EEOC's delay in bringing the matter to federal court, this Court retains jurisdiction to exercise its discretionary power to achieve a just result.

For these reasons, the motion of AT & T to dismiss based upon the statute of limitations is **DENIED.**

**IT IS SO ORDERED.**