Arthur **GOLDSTEIN**, Joan Goldstein, Defendants–Appellants.

No. 05–1836–cv.

United States Court of Appeals, Second Circuit.

Feb. 2, 2007.

**2.** On remand, the District Court is free to decline to exercise jurisdiction over the NYHRL claim and dismiss it without prejudice to Plaintiff's refiling in state court.

Heather K. McShain, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief; Sara L. Shudofsky, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

Arthur Goldstein, Joan Goldstein, pro se, New York, NY, for Defendant–Appellant.

* The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern

Present: Hon. SONIA SOTOMAYOR and Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.*

## SUMMARY ORDER

BATTS, J.

Defendants-appellants Arthur and Joan Goldstein appeal from the February 11, 2005 order of the United States District Court of the Southern District of New York (Batts, J.) denying the Goldsteins' motion to vacate a default judgment entered against them on May 13, 2004. We assume the parties' familiarity with the underlying facts of the case, its procedural history and the arguments on appeal.

█ We reject the Goldsteins' claim that the district court erred in concluding that they did not have a meritorious defense to the Government's claims. Their argument that much of Arthur's tax liability was "negated" by the Government's failure to timely file its claims fails because the Government filed its complaint, which asserts claims to collect taxes, within the 10-year limitations period set forth in section 6502(a) of the Internal Revenue Code. *See United States v. Summerlin*, 310 U.S. 414, 416, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940) ("[T]he United States is not bound by state statutes of limitation ... in enforcing its rights."). The Goldsteins' argument that the Scarsdale property was transferred from Arthur to Joan "at a time when no taxes were owed by Arthur Goldstein to the Government, except a small amount of interest" also fails because, under New York law, a conveyance that is fraudulent is presumed so for future, as well as present, creditors. *See* N.Y. Debt. & Cred. L. § 275.

District of New York, sitting by designation.

**64**

The Goldsteins' argument that they should not suffer the consequences of their attorney's failure to answer the complaint also lacks merit. "Normally, the conduct of an attorney is imputed to his client, for allowing a party to evade 'the consequences of the acts or omissions of [ ]his freely selected agent' 'would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent.'" *SEC v. McNulty,* 137 F.3d 732, 739 (2d Cir.1998) (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (alteration in *McNulty* )). Thus, "where the attorney's conduct has been found to be willful, the willfulness will be imputed to the party himself where he makes no showing that he has made any attempt to monitor counsel's handling of the lawsuit." *Id.* at 740. In this case, the Goldsteins have not demonstrated that they attempted to monitor their attorney's behavior. While the Goldsteins argue on appeal that their attorney and his law firm "misled" them by "falsely reporting the status of settlement negotiations," these factual allegations were not raised in Arthur Goldstein's affidavit submitted to the district court in support of his motion to vacate the default judgment. *See Gulino v. N.Y. State Educ. Dep't,* 460 F.3d 361, 380 n. 22 (2d Cir.2006) (noting the "general rule that federal appeals courts do not consider arguments raised for the first time on appeal.") (internal quotation marks omitted). Thus, the district court did not abuse its discretion by imputing the Goldsteins' attorney's willful default to the Goldsteins.

For the foregoing reasons, we AFFIRM the judgment of the district court.