**INTERWORKS SYSTEMS, INC., Debtor and Debtor–In–Possession, individually and as trustee for all Trust Beneficiaries under Article 3–A of the New York Lien Law, Plaintiff,**

v.

**MERCHANT FINANCIAL CORPORATION, Defendant.**

**United States of America, Intervenor–Plaintiff,**

v.

**Merchant Financial Corporation and Colonial Surety Company, Intervenor–Defendants.**

**No. 06 CV 1981(NG)(RML).**

United States District Court, E.D. New York.

Jan. 25, 2008.

investigation.

Joseph R. Harbeson, Ruskin Moscou Faltischek, P.C., Uniondale, NY, for Plaintiff.

Tab K. Rosenfeld, Rosenfeld & Kaplan, LLP, Steven M. Kaplan, New York, NY, for Defendant.

Ross Eric Morrison, U.S. Attorney's Office, New York, NY, Thomas P. Cole, Tax Div., CTS, Washington, DC, for Intervenor–Plaintiff.

### *OPINION & ORDER*

GERSHON, District Judge.

On December 14, 2005, the United States filed a complaint in intervention in the present action seeking relief against Merchant Financial Corporation ("Merchant") under N.Y. LIEN LAW § 77 ("Article 3–A"). The United States named Colonial Surety Company ("Colonial") as a defendant in the complaint in intervention solely for the purpose of establishing the United States' priority of recovery in the event that there were a finding of liability against Merchant. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Colonial and Merchant now move to dismiss the United States' complaint in intervention, arguing that the United States (1)

has failed to comply with Article 3–A's requirement that a claim be brought only where there is no prior pending action; and (2) has failed to bring its Article 3–A claim in a representative capacity. For the reasons outlined below, Merchant and Colonial's motion to dismiss the United States' complaint in intervention is granted.

### BACKGROUND

The present case arises out of certain New York public improvement contracts that Interworks Systems, Inc. ("Interworks") was obligated to perform. Merchant, according to the United States, is a company that made loans and advances to Interworks and received a first-priority lien on substantially all of Interworks' property as security for these loans. Colonial-a company that acted as a surety for Interworks-asserts that it stepped in to perform Interworks' obligations by making payments and completing Interworks' public improvement projects when Interworks failed to perform. According to Colonial and the United States, Merchant eventually collected and/or received proceeds of Interworks' accounts receivable-arising out of Interworks' contracts for the jobs that Interworks performed for New York customers-in a total amount of at least $900,000.

### I.   Prior State Court Action

In connection with the proceeds that Merchant allegedly collected from Interworks, Colonial brought an action in May 2003 against Merchant in the Supreme Court of the State of New York, County of New York, (1) alleging that Merchant wrongfully diverted lien law statutory trust funds in violation of Article 3–A, and (2) asserting other claims that are derivative of, and dependent upon, the legal sufficiency of Colonial's Article 3–A claims

against Merchant. On August 2003, Colonial filed a second amended complaint, in which it sought to become the authorized class representative of all the alleged Article 3–A statutory trust beneficiaries. Colonial's motion to certify a class including all Article 3–A trust beneficiaries having Article 3–A claims against Interworks has been stayed by the state court pending decision by this court on Colonial and Merchant's motions to dismiss.

## II. The Present Action

In July 2005, Interworks brought an action in the Southern District of New York seeking, among other things, the same relief against Merchant that is sought by Colonial in the prior pending state court proceeding. The United States subsequently filed a complaint in intervention in December 2005 seeking relief against Merchant under Article 3–A for non-receipt of federal taxes. The United States has not brought its action in a representative capacity and has named Colonial as a defendant in the complaint in intervention solely for the purpose of establishing the United States' priority of recovery. Colonial has crossclaimed against Merchant, relying on the same Article 3–A theory of relief and asserting claims that are identical to the claims that it asserted against Merchant in the prior pending state court action. In April 2006, the Southern District case was transferred to the Eastern District of New York. By order dated November 27, 2007, this court dismissed with prejudice the initial complaint filed by Interworks after Interworks indicated its intent to voluntarily discontinue its claims and failed to respond to an order to show cause why its underlying action should not be dismissed for lack of subject matter jurisdiction and failure to prosecute.[1]

## DISCUSSION

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Colonial and Merchant now move to dismiss the United States' complaint in intervention, which seeks relief under New York's Article 3–A, on the grounds that the United States (1) has failed to comply with Article 3–A's requirement that a claim can be brought only where there is no prior pending action; and (2) has failed to bring its Article 3–A claim in a representative capacity.[2]

The United States does not dispute that Article 3–A's requires that suits be brought only in a representative capacity and only if there are no prior pending actions. Nor does the United States suggest that it has complied with these requirements. Rather, the United States maintains that it is not subject to these requirements because complying with them would extinguish its right to commence an action related to the enforcement of taxes in federal court. To support its arguments, the United States relies primarily on federal statutes that provide federal district courts with original jurisdiction over actions commenced by the United States, *see* 28 U.S.C. § 1345, and

---

1. At a pre-motion conference, Colonial and Merchant waived any procedural defenses against the United States' complaint in intervention based upon the dismissal of Interworks' complaint. The parties recognize that the United States could re-file its complaint here in an entirely new action. Transcript of October 25, 2006 Pre–Motion Conference, p. 9.

2. Colonial and Merchant did not specify in their motion papers whether their motions are Rule 12(b)(6) motions to dismiss for failure to state a claim or Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. However, the parties at oral argument acknowledged the court's jurisdiction. Transcript of November 29, 2007 Oral Arg., p. 16. Accordingly, the court treats this motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim under Article 3–A.

jurisdiction over actions brought to enforce the Internal Revenue Code and collect taxes. *See* 26 U.S.C. § 7402.

The United States' argument is unpersuasive. The United States is not seeking to enforce a tax lien in this action. Rather, as the United States confirmed on oral argument, it is seeking only to enforce its Article 3–A rights under New York law. Accordingly, the United States' reliance on cases that involve the government's right to enforce a federal tax lien in federal court is misplaced.

■ Courts in this Circuit have recognized that, where the United States invokes New York's Article 3–A as the basis for its claims, it is proper to require the government to adhere to the state law's requirements. In *Quantum v. Bast Hatfield, Inc.,* 2005 WL 1926610 at *6 (N.D.N.Y.2005), for example, the district court for the Northern District of New York denied the United States' summary judgment motion in an Article 3–A case to recover taxes and rejected the United States' argument that the Article 3–A representative action requirement is a mere procedural requirement to which the United States is not subject. The court held that "the requirement of a representative action is integral to Article 3–A's general purpose" and "is aimed at safeguarding an equitable pro rata distribution of the funds to all suppliers of material and labor who have improved the real property." *Id.* (internal citations and quotations omitted). Because the representative action requirement is essential to determining how an Article 3–A trust should be distributed, the court "must have before it all potential trust beneficiaries." *Id.* Based on this reasoning, it is clear that the United States, when it seeks to assert its rights under Article 3–A, is subject to Article 3–A's representative action requirement. The United States' argument to the contrary, based on *United States v. Summerlin,* 310

U.S. 414, 416–17, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940), is misplaced. In *Summerlin,* the United States filed a claim in Florida state court that was later dismissed as untimely. In reversing the dismissal of the case, the United States Supreme Court stated that "the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights." *Id.* However, the Court did not address whether the United States would be bound by the sort of requirements at issue in the present case and did not suggest that its holding should be extended beyond the realm of state statutes of limitation. Accordingly, this court follows the *Quantum* court's decision in determining that the United States is bound by Article 3–A's representative action requirement when asserting its rights under Article 3–A.

Although the United States in the present case has belatedly offered at oral argument to "consider" bringing in additional parties, dismissal is still warranted. Even if all parties were before this court, the United States' complaint in intervention would still violate Article 3–A's prohibition against suing where there is a prior pending action.

■ As with Article 3–A's representative action requirement, the United States is subject to Article 3–A's prohibition against prior pending actions when asserting its Article 3–A rights, and the United States' failure to comply with this requirement warrants dismissal. In *United States v. Certified Industries, Inc.,* 361 F.2d 857 (2d Cir.1966), an Article 3–A case in which the United States was seeking unpaid taxes, the Second Circuit held that the United States was not entitled to an injunction against prior state court proceedings that would have conflicted with the United States' claims in federal court. Although the United States was seeking

unpaid taxes under Article 3–A, the court nonetheless treated the United States' Article 3–A claim as a state law claim-not a claim on a federal tax lien. *See Id.* at 862. Furthermore, the court noted that the United States could have intervened or brought its suit in state court and that the " 'sovereign dignity' concept does not [ ] call for protection of the United States from its own mistake in failing to make its claim by way of proceeding where its sole claim for relief is made under a state statute." *Id.* at 862. In the present case, as in *Certified,* the United States could have chosen to assert its rights under Article 3–A in the prior state court action and should not be protected from its own mistake in failing to do so.

The government's arguments to the contrary—based on *Leiter Minerals v. United States,* 352 U.S. 220, 225, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957)—are unavailing because the Second Circuit explicitly distinguished *Leiter* when deciding *Certified.* In *Leiter,* the United States Supreme Court upheld a district court's injunction of pending state court proceedings despite the existence of a statute which limited the district court's injunctive authority. *Id.* at 226, 230, 77 S.Ct. 287. Although cited by the government for the proposition that "statutes which in general terms divest pre-existing rights and privileges will not be applied to the sovereign without express words to that effect," *Id.* at 225, 77 S.Ct. 287, this holding from *Leiter* is not determinative in the present case. The court in *Certified* noted that the principles of *Leiter*—that the United States should be permitted to choose its forum—apply when the United States' position is "defensive," *i.e.,* where the United States is being sued by a party seeking property currently in the United States' possession. *Certified,* 361 F.2d at 860 n. 2, *citing Leiter,* 352 U.S. at 227, 77 S.Ct. 287. However, when the United States' position is *not* defensive, *i.e.,* where the United States brings

an action against parties to collect Article 3–A trust funds, the court in *Certified* noted that the principles of *Leiter* do not apply and that the United States' sovereign status should not save it from its own failure to file its claim in state court. *Certified,* 361 F.2d at 860 n. 2, 862. The *Leiter* case is inapplicable to the present situation because—like the United States' position in *Certified* where the United States brought an action to collect Article 3–A funds—the United States' position in the present case is *not* defensive. Furthermore, the *Leiter* case is distinguishable from the present situation because "the federal court [in *Leiter* ] was the only [court] that could finally determine the basic issue in litigation." *Id.* at 226, 77 S.Ct. 287. Unlike the situation in *Leiter,* the United States in the present case represented at oral argument that it could recover on its Article 3–A claims in the pending state court action.

In sum, I hold that the United States is subject to Article 3–A's requirements when the United States seeks to assert its Article 3–A rights. Here, the United States seeks to enforce its Article 3–A rights, but admittedly has failed to comply with Article 3–A's requirements. Therefore, it is not entitled to maintain this action.

## CONCLUSION

For the reasons outlined above, the motions of Colonial and Merchant to dismiss the United States' complaint in intervention are granted. The Clerk of Court is directed to close this case.

**SO ORDERED.**