**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-51054

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LINDA P EVANS, as the Independent Executrix of The Estate of Robert C
Evans, Jr, Deceased; LINDA P EVANS, Individually

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Texas
5:05-CV-99

Before WIENER, GARZA, and ELROD, Circuit Judges.

PER CURIAM:[*]

Linda P. Evans ("Evans") appeals the district court's judgment in this
action filed against her by the United States. For the following reasons, we
affirm.

I

Evans is the executrix of the estate ("Estate") of her late husband, Robert
C. Evans, Jr. The IRS initiated an audit of the couple's joint income tax returns

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and determined that the returns demonstrated a number of deficiencies. Evans brought Tax Court proceedings to challenge those deficiencies both on her own behalf and on behalf of the Estate. The Tax Court judgment found against Evans and the Estate. Evans did not pay the deficient amounts but transferred her own assets and those of the Estate to a limited partnership. The United States brought the instant action in district court to collect unpaid taxes, penalties and accrued interest.[1] The United States sought to: (1) reduce to judgment federal tax assessments made against Evans and the Estate; (2) hold Evans personally liable as a fiduciary under the federal insolvency statute for transferring assets out of the Estate without having satisfied her husband's outstanding tax liabilities; (3) set aside as fraudulent the transfers of assets to the limited partnership or, alternatively, to have the partnership declared Evans's nominee; (4) foreclose upon the federal tax liens against Evans' property; and (5) sell the property.

The parties filed cross-motions for summary judgment. The district court granted the United States' motion with respect to the tax assessments and the fraudulent transfer claim, but held that the fiduciary liability claim was barred by *res judicata*. The United States successfully moved for reconsideration, and the district court held that the fiduciary claims were not barred by *res judicata*. Evans also filed a motion for reconsideration, which was denied. In addition to ordering that Evans pay the judgment, the district court declared the federal tax liens valid and ordered the foreclosure and sale of the subject property. Evans timely appealed. On appeal, Evans argues that the district court erred in: (1) granting summary judgment to the United States; (2) denying her motion for

---

[1] Evans' joint income tax liability amounted to $519,124.23 for tax years 1989, 1990, and 1993; her fiduciary liability amounted to $299,184.83 for the tax, interest and penalties due by the Estate.

reconsideration of the validity of the underlying tax assessments; and (3) denying her motion under FED. R. CIV. P. 60(b)(4).

## II

We review *de novo* the district court's order granting summary judgment. *Gray v. United States,* 553 F.3d 410, 412 (5th Cir. 2008).

The United States may seek relief for a taxpayer's fraudulent transfer of property under the applicable rules of the state in which the property is located. *Commissioner v. Stern*, 357 U.S. 39, 45 (1958). The district court held that the transfer of assets belonging to Evans and the Estate to the limited partnership constituted a fraudulent transfer under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), TEX. BUS. & COM. CODE §24.006(a). On appeal, Evans does not dispute the holding that the transfers at issue are fraudulent under TUFTA, but argues that the United States is barred from relief by TUFTA's extinguishment clause, which states that a cause of action with respect to a fraudulent transfer or obligation under §24.006(a) is extinguished unless the action is brought within four years after the transfer was made or the obligation was incurred. TEX. BUS. & COM. CODE §24.010(a)(2).

The district court correctly held, however, that the United States is not bound by state statutes of limitations in fraudulent conveyance actions. *United States v. Summerlin*, 310 U.S. 414, 416 (1940); *United States v. Fernon*, 640 F.2d 609, 611-12 (5th Cir. 1981) (" '[I]t is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights. . . . The same rule applies whether the United States brings its suit in its own courts or in a state court.' ") (quoting *Summerlin*, 310 U.S. at 416). Rather, the United States is subject to the ten-year statute of limitations found in § 6502(a)(1) of the Internal Revenue Code.[2] *See Fernon*, 640 F.2d at

---

[2] 26 U.S.C. § 6502(a)(1) states that "Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may

611-12 & n.7 (interpreting a prior version of § 6502, which set a six-year, rather than ten-year, statute of limitations).

Evans attempts to distinguish the instant case from *Summerlin* and *Fernon* by arguing that the TUFTA extinguishment clause is a statute of repose, not a statute of limitations. *See, e.g., Smith v. Am. Founders Fin., Corp.*, 365 B.R. 647, 676 (S.D. Tex. Mar. 10, 2007) (holding that TUFTA §24.010 is a statute of repose). However, *Summerlin* does not differentiate between statutes of limitation and statutes of repose, and we find no reason to do so. "[S]tatutes of repose eliminate the underlying rights when they lapse," *Margolies v. Deason*, 464 F.3d 547, 551 (5th Cir. 2006), extinguishing the right of relief when the applicable time period expires. Because the fundamental question addressed by *Summerlin* is whether a claim brought by the United States can be time-barred under state law, the effect of a statute of repose—which bars a claim that is untimely—is equivalent to that of a statute of limitations and thus is treated the same under *Summerlin*. *See Summerlin*, 310 U.S. at 417 ("When the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement."); *see also Bresson v. Commissioner*, 213 F.3d 1173, 1177-79 (9th Cir. 2000) (holding that *Summerlin* applies to extinguishment clause under California Uniform Fraudulent Transfer Act, which mirrors language contained in TUFTA). We thus find that the district court correctly held that the United States' TUFTA claim was not time-barred.

---

be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun. . . within 10 years after the assessment of the tax. . ."

III

Evans also appeals the district court's denial of her motion to reconsider the procedural validity of the underlying income tax assessments. The denial of a motion for reconsideration is reviewed for abuse of discretion. *Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 442 (5th Cir. 2007).

The district court did not abuse its discretion in denying Evans' motion for reconsideration. First, Evans filed her motion on February 22, 2008, eleven months after the district court issued its order and well outside the time frame allotted by Fed. R. Civ. P. 59(e), which gives a party ten days after the entry of judgment within which to file. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment.") The district court acted within its discretion to deny Evans' motion solely based on its untimeliness. Second, Evans' arguments fail on the merits. Evans argues that (1) the Form 4340 that was provided by the IRS and which sets out the tax assessments for tax years 1989, 1990, 1991 and 1993 is invalid; (2) the tax assessments for tax years 1989, 1990, and 1991 were invalid because they were made within 90 days after entry of a Tax Court decision, in contravention of 26 U.S.C. § 6213(a); (3) the tax assessments were illegal because they were conducted under a so-called "Quick Assessment." We are satisfied from the record, including the extensive proceedings in Tax Court and district court, that these assertions are utterly lacking in substance.

Evans is unable to point to any specific evidence for her contention that the IRS's assessment of her tax liability is incorrect. "A [Form 4340] Certificate of Assessment and Payment. . . has been held to be presumptive proof of a valid assessment where the taxpayer has produced no evidence to counter that presumption." *United States v. McCallum*, 970 F.2d 66, 71 (5th Cir. 1992). The United States has supplied a detailed accounting of the assessments, and neither the district court nor the Tax Court found the Form 4340 assessments to be

illegitimate. We thus reject Evans' contention that the tax assessments are invalid.

The IRS also did not contravene 26 U.S.C.A. § 6213(a), which states that "Except as otherwise provided . . . no assessment of a deficiency in respect of any tax . . . shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final." Here, the IRS conducted the assessments before the decision of the Tax Court had become final, which, in the case of an appeal, occurs pursuant to subsections (a)(2) and (a)(3) of 26 U.S.C. § 7481 sometime *after* this court rules. Nevertheless, our review of the Tax Court's decision acts as a stay of assessment only if the taxpayer files a bond with the Tax Court under 26 U.S.C. § 7485 no later than the date that she files her notice of appeal.[3] Evans filed no bond. Thus, the IRS properly continued with the assessment.

Finally, the IRS's use of "quick assessments", a standard procedure under IRS regulations, was legal. *See, e.g., Dallin ex rel. Estate of Young v. United States,* 62 Fed. Cl. 589, 601-02 (2004) (finding that mislabeling of assessment as jeopardy assessment, rather than a quick assessment, did not render it invalid,

---

[3] Section 7485 states that:

Notwithstanding any provision of law imposing restrictions on the assessment and collection of deficiencies, the review [of the Tax Court's decision accorded by section 7483 of the Code] shall not operate as a stay of assessment or collection of any portion of the amount of the deficiency determined by the Tax Court unless a notice of appeal in respect of such portion is duly filed by the taxpayer, and then only if the taxpayer—

(1) on or before the time his notice of appeal is filed has filed with the Tax Court a bond in a sum fixed by the Tax Court not exceeding double the amount of the portion of the deficiency in respect of which the notice of appeal is filed, and with surety approved by the Tax Court, conditioned upon the payment of the deficiency as finally determined, together with any interest, additional amounts, or additions to the tax provided for by law, or

(2) has filed a jeopardy bond under the income or estate tax laws.

where it was clear on the face of the documents that an assessment was made, and amount of the tax and identification of the responsible person was correct); *Republic Petroleum Corp. v. United States*, 613 F.2d 518, 525 (5th Cir. 1980)(affirming district court judgment in part where underlying assessments were "quick assessments".)

IV

Evans lastly appeals the district court's denial of her FED. R. CIV. P. 60(b)(4) motion to void the judgment as a matter of law. We review the denial of a Rule 60(b)(4) motion *de novo*. *Callon Petroleum Co. v. Frontier Ins. Co.,* 351 F.3d 204, 208 (5th Cir. 2003).

Evans argues that the judgment is void because the district court lacked jurisdiction to enter the order of foreclosure and sale on the subject properties. Specifically, Evans argues that the United States failed to file a Notice of Lien concerning the mineral rights or royalties before commencing the civil lawsuit. The record belies this assertion. Notices of the United States' liens were properly filed prior to the instigation of litigation. The district court properly denied Evans' motion to void the judgment.[4]

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[4] Further, the district court noted that the liens arise automatically upon the date of the assessment under 26 U.S.C. §§6321 and 6322 regardless of the filing of notice; an alleged failure to file notice does not affect the taxpayer, but only the validity of the lien as against a subsequent "purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor." 26 U.S.C. § 6323(a).