T.C. Memo. 2004-231


UNITED STATES TAX COURT


KATHRYN ANN PICCHIOTTINO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 784-04L.          Filed October 12, 2004.


    P filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R
that levy action was appropriate.

    <u>Held</u>:  Because the record shows that no period of
limitations precludes collection and because P failed
to submit any current financial documentation in
support of her claims of inability to pay, R's
determination to proceed with collection action is
sustained.


Kathryn Ann Picchiottino, pro se.

<u>Jonae A. Harrison</u>, for respondent.

MEMORANDUM OPINION

WHERRY, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121.[1] The instant proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  The issue for decision is whether respondent may proceed with collection action as so determined.

## Background

For the taxable year 2001, petitioner filed a joint Form 1040, U.S. Individual Income Tax Return, with Scott Perry Picchiottino (Mr. Picchiottino) on April 15, 2002, reporting a tax liability of $12,629.[2]  Petitioner and Mr. Picchiottino did not fully pay the liability reflected on the return.  Respondent assessed the liability for 2001 on June 10, 2002.[3]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] One of the documents in the record may indicate that the amount reported on the 2001 return was $12,929.  In any event, a possible discrepancy or ambiguity on this point is immaterial here in that it is clear the amount assessed was only $12,629.

[3] We note that respondent's motion for summary judgment contains an apparently inadvertent error in listing the same date for the filing of the return and the assessment of the reported liability.  The attached transcript of account for 2001 shows the correct dates.

On March 8, 2003, respondent issued to petitioner a Final Notice of Intent To Levy and Notice of Your Right To A Hearing, with respect to the 2001 liability.[4]  The notice listed a total amount due, including statutory additions, of $5,410.37.

In response to the notice, petitioner and Mr. Picchiottino timely submitted a Form 12153, Request for a Collection Due Process Hearing, dated March 10, 2003.  The Form 12153 was filed with the Internal Revenue Service (IRS) on or before March 27, 2003.  The form pertained to 2001[5] and contained the following statement of disagreement with the proposed collection action: "TOLD STATUS WAS 'UNCOLLECTABLE' by IRS Mrs. Hernandez #8903695".

On March 13, 2003, a Notice of Federal Tax Lien Filing and Your Right to a Hearing was issued to petitioner with respect to 2001.  Although petitioner and Mr. Picchiottino had checked boxes on the filed Form 12153 dated March 10, 2003, discussed above, indicating disagreement with both a filed notice of Federal tax lien and a notice of levy, that Form 12153 was signed and sent by petitioner and Mr. Picchiottino before the notice of lien was

---

[4] Respondent issued to Mr. Picchiottino an identical Final Notice of Intent To Levy and Notice of Your Right to a Hearing with respect to the 2001 year.

[5] This Form 12153 also listed 2002, but no collection activity is reflected by the record with respect thereto.

issued.  The Form 12153 was therefore, in respondent's view, premature and without effect as to the lien filing.[6]

By a letter dated April 21, 2003, the IRS responded to the assertion in the Form 12153 regarding the collectibility of the liabilities.  The letter explained the nature of the "not collectable" designation as follows:  "Your account has been placed in a currently not collectable status.  You still owe the balance due and penalty and interest will continue to accrue until the balance due has been paid in full, but we are not enforcing collection until you are able to make payments on the balance due at some point in the future."

Thereafter, the case was assigned to the IRS Office of Appeals in Phoenix, Arizona.  Settlement Officer Thomas L. Tracy (Mr. Tracy) sent petitioner and Mr. Picchiottino a letter dated November 5, 2003, scheduling a hearing for November 25, 2003, and briefly outlining the hearing process.  Petitioner and Mr. Picchiottino then submitted another Form 12153, pertaining to 1997, 1998, 1999, and 2001, dated November 7, 2003, and received by the IRS on November 13, 2003.  They checked the box indicating disagreement with a filed notice of Federal tax lien and wrote:

---

[6] For the sake of completeness, we note that insofar as our jurisdiction could be interpreted to extend to the Notice of Federal Tax Lien Filing and Your Right to a Hearing, we would sustain the lien filing by summary judgment on grounds substantially identical to those discussed infra in connection with the levy.

"Request without predjudice [sic] that hearing be held after

Superior Court Action FN 2003-092649 is adjudicated."

Mr. Tracy responded by a letter to petitioner dated November

13, 2003, stating:

I am in receipt of Form 12153 signed by you and Scott
Picchiottino on November 7, 2003. It states only that
you wish a hearing after Superior Court Action FN 2003-
092649. I understand that this is your divorce suit.
I am sorry, but I cannot defer action on your case for
an extended and indefinite period of time. I am
extending to you the hearing opportunity that you had
originally requested on March 10, 2003.

I have enclosed a copy of my letter dated November 5,
2003. The hearing was scheduled with Scott
Picchiottino. I have left several messages for you to
schedule an independent hearing but you have not
responded to my messages. Please call me at (602)207-
8117 to schedule the hearing that you requested. <u>If we
cannot schedule and hold your hearing by December 10,
2003, I will make my determination based on information
in the file and with no further opportunity for a
hearing.</u> You are welcome to attend the November 25
hearing or to schedule an independent hearing with me.
If you no longer want a hearing, please sign and return
the enclosed withdrawal form.

You are entitled to a hearing under Sections 6320 and
6330 of the Internal Revenue Code (IRC) relative to the
2001 tax year. Your hearing request lists additional
years of liability that are not assessed in your name.
Those tax periods do appear to be community debts and
for which community property is subject to the Federal
Tax Lien.

Your original hearing request said only, "Told status
was 'uncollectible' by IRS Mrs. Hernandez #893695".
Indeed, Compliance did place your account in
temporarily not collectible status shortly after the
date of your hearing request.

The IRC 6320 hearing opportunity is relative to the
Notice of Federal Tax Lien that was recorded for the

2001 tax year.[7]  The "uncollectible status" has no direct bearing on the recorded lien; the provisions of IRC 6325 afford the only bases for release of the lien--that the account be satisfied (paid), legally not enforceable or upon the posting of a bond.

The IRC 6330 hearing opportunity arose upon the issuance of a Notice of Intent to Levy, prior to the "uncollectible status" determination that was made by Compliance.  If you wish for me to make an independent determination of the collection status of your account, the IRC 6330 issue, you must make full financial disclosure.  I have enclosed a blank Form 433A financial statement for that purpose.  You are not obliged to submit this form to me but if you wish me to consider collection alternatives, I must have the form submitted to me on or before the scheduled hearing date.

Please call me and afford to me your current address.

Petitioner did not complete or return the financial form, did not attempt to reschedule a hearing, and did not otherwise contact Mr. Tracy.  She did not appear for the conference, nor did Mr. Picchiottino, so no hearing was held.

On January 8, 2004, respondent issued to petitioner the aforementioned Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the proposed levy action.  An attachment to the notice addressed the verification of legal and procedural requirements, the issues raised by the taxpayer, and the balancing of efficient collection

---

[7] An attachment to the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 underlying this action stated that because petitioner's Forms 12153 were untimely with respect to the notice of Federal tax lien, she was entitled only to a so-called equivalent hearing, not subject to judicial review, with respect to the lien notice.

and intrusiveness. With respect to the proposed levy,[8] the attachment summarized:

> It is determined that the Notice of Intent to Levy be sustained. The taxpayer asserts an inability to pay but has not provided financial information to substantiate the hardship claim. The financial statement, dated January 20, 2003 and upon which Compliance had made its currently-not-collectible determination, had been prepared and signed by the taxpayer's husband. It did not report income and assets of the taxpayer. The taxpayer did not complete and return the financial statement I had sent to her on November 13, 2003. * * *

Petitioner's petition disputing the notice of determination was filed with the Court on January 14, 2004, and reflected an address in Tempe, Arizona. The petition makes two assignments of error vis-a-vis respondent's determination: "Inability to pay and maintain household. Salary $35,000 yr" and "Statute for enforcement lapsed due to IRS delays".

After the pleadings were closed in this case, respondent filed the subject motion for summary judgment. Petitioner was directed to file any response to respondent's motion on or before September 17, 2004. No such response has been received by the Court.

---

[8] As regards the lien, with respect to which petitioner was granted an opportunity for an "equivalent hearing", the attachment provided: "It is decided that the Notice of Federal Tax Lien be sustained. The conditions of IRC 6325 for release of lien have not been met; that the liability be satisfied, legally unenforceable or upon the posting of a bond. Neither do the conditions of IRC 6323(j) apply for withdrawal of the lien." See supra note 6.

## Discussion

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy." Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Facts are viewed in the light most favorable to the nonmoving party. Id. However, where a motion for summary judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must by affidavits or otherwise set forth specific facts showing that there is a genuine issue for trial. Rule 121(d).

## Collection Actions

### A. General Rules

Section 6331(a) authorizes the Commissioner to levy upon all property and rights to property of a taxpayer where there exists

a failure to pay any tax liability within 10 days after notice and demand for payment. Sections 6331(d) and 6330 then set forth procedures generally applicable to afford protections for taxpayers in such levy situations. Section 6331(d) establishes the requirement that a person be provided with at least 30 days' prior written notice of the Commissioner's intent to levy before collection may proceed. Section 6331(d) also indicates that this notification should include a statement of available administrative appeals. Section 6330(a) expands in several respects upon the premise of section 6331(d), forbidding collection by levy until the taxpayer has received notice of the opportunity for administrative review of the matter in the form of a hearing before the IRS Office of Appeals. Section 6330(b) grants a taxpayer who so requests the right to a fair hearing before an impartial Appeals officer.

Section 6330(c) addresses the matters to be considered at the hearing:

> SEC. 6330(c). Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> (1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.
>
> (2) Issues at hearing.--
>
> (A) In general.--The person may raise at the hearing any relevant issue relating to

the unpaid tax or the proposed levy,
including--

      (i) appropriate spousal defenses;

      (ii) challenges to the
appropriateness of collection actions;
and

      (iii) offers of collection
alternatives, which may include the
posting of a bond, the substitution of
other assets, an installment agreement,
or an offer-in-compromise.

      (B) Underlying liability.--The person
may also raise at the hearing challenges to
the existence or amount of the underlying tax
liability for any tax period if the person
did not receive any statutory notice of
deficiency for such tax liability or did not
otherwise have an opportunity to dispute such
tax liability.

Once the Appeals officer has issued a determination regarding the disputed collection action, section 6330(d) allows the taxpayer to seek judicial review in the Tax Court or a District Court, depending upon the type of tax. In considering whether taxpayers are entitled to any relief from the Commissioner's determination, this Court has established the following standard of review:

where the validity of the underlying tax liability is
properly at issue, the Court will review the matter on
a de novo basis. However, where the validity of the
underlying tax liability is not properly at issue, the
Court will review the Commissioner's administrative
determination for abuse of discretion. [Sego v.
Commissioner, 114 T.C. 604, 610 (2000).]

B. <u>Analysis</u>

As a threshold matter, the Court notes that the tax liabilities at issue in this case derive from the amounts self-reported by petitioner and Mr. Picchiottino on their filed return. No notice of deficiency was issued to petitioner, and petitioner has not otherwise had an opportunity to dispute her liability for 2001. Accordingly, to the extent that any of the statements in the petition are properly construed as a challenge to the underlying liabilities, petitioner is not precluded by section 6330(c)(2)(B) from making such a challenge in this proceeding. <u>Montgomery v. Commissioner</u>, 122 T.C. 1, 9 (2004).

1. "Statute for enforcement"

Petitioner asserts in the petition: "Statute for enforcement lapsed due to IRS delays". Although it is unclear what precisely is meant by the "statute for enforcement", it is clear that no pertinent statute operates as a time bar to respondent's proposed collection activity in the circumstances of this case.

Section 6501 sets forth limitations on assessment and provides as a general rule that income taxes must be assessed within 3 years after the filing of the underlying tax return. Sec. 6501(a). Section 6502(a) then specifies that where assessment was made within the pertinent period of limitations, the tax may be collected by levy within 10 years after the

assessment of the tax.  A hearing request under section 6330 will suspend the running of the period of limitations described in section 6502 during the period that "such hearing, and appeals therein, are pending."  Sec. 6330(e)(1).

Here, petitioner's liabilities for 2001 were assessed on June 10, 2002, and the corresponding return had been filed on April 15, 2002.  Accordingly, assessment was well within the 3-year period of limitations.  Respondent received petitioner's Form 12153 on March 27, 2003, at which time the applicable 10-year period of limitations for collection by levy had not expired.  The running of this 10-year period was suspended by the Form 12153 and remains suspended.  Hence, collection of petitioner's Federal income tax liability for the year in issue is not time barred.[9]

2.  "Inability to pay"

Petitioner's claim regarding inability to pay bears upon issues such as collection alternatives that the Court reviews for abuse of discretion.  Action constitutes an abuse of discretion

_____

[9] The Court also notes that to the extent petitioner's argument might attempt to raise the doctrine of laches, which focuses on the concept of unreasonable and prejudicial delay, it is well settled that the United States is not subject to the defense of laches in enforcing its rights. United States v. Summerlin, 310 U.S. 414, 416 (1940); Guaranty Trust Co. v. United States, 304 U.S. 126, 132-133 (1938).  Rather, timeliness of Government claims is governed by the statutes of limitations enacted by Congress. Fein v. United States, 22 F.3d 631, 634 (5th Cir. 1994).

under this standard where arbitrary, capricious, or without sound basis in fact or law. <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

Here, the record reflects no abuse of discretion by respondent in declining to alter the proposed collection activity on account of petitioner's unsupported assertions of financial difficulties. To enable the Commissioner to evaluate a taxpayer's qualification for collection alternatives or other relief in the face of allegations of economic hardship, the taxpayer must submit complete and current financial data.

Petitioner, however, never supplied a current Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, or other financial information to respondent, despite an express request and explanation of the reason therefor from respondent. The notice of determination indicates that earlier financial information, furnished by petitioner's former husband, had generated the temporary "not collectible" designation made by "Compliance". These materials were not signed by petitioner and did not report her income and assets. Petitioner did not submit current financial information when asked to do so. She also failed to appear for the scheduled hearing and thus lost that opportunity to otherwise corroborate her claims.

Consequently, although the Court is sympathetic to any economic difficulties petitioner may have encountered or be encountering, it cannot be said that respondent acted arbitrarily or capriciously in determining to proceed with levy when petitioner submitted no documentation of her present financial circumstances. See Newstat v. Commissioner, T.C. Memo. 2004-208.

The petition makes no assignments of error other than the two contentions discussed above. As this Court has noted in earlier cases, Rule 331(b)(4) states that a petition for review of a collection action shall contain clear and concise assignments of each and every error alleged to have been committed in the notice of determination and that any issue not raised in the assignments of error shall be deemed conceded. See Lunsford v. Commissioner, 117 T.C. 183, 185-186 (2001); Goza v. Commissioner, 114 T.C. 176, 183 (2000). Accordingly, the Court concludes that respondent's determination to proceed with collection of petitioner's tax liabilities was not an abuse of discretion. The Court will grant respondent's motion for summary judgment. To reflect the foregoing,

An appropriate order granting respondent's motion and decision for respondent will be entered.